[No. B084020. Second Dist., Div. Five. Sept. 21, 1994.]

In re the Marriage of TERESA M. and WILLIAM D. LEVINE.
TERESA M. LEVINE, Respondent, v.
WILLIAM D. LEVINE, Appellant.

Tucker & Baum, Michael C. Baum and Kaye E. Tucker for Appellant.

Gregg A. Johnson for Respondent.

## OPINION

**TURNER, P. J.**—William Levine, a husband in a dissolution of marriage action, appeals from a postjudgment order filed on March 29, 1994. His wife, Teresa Levine, has moved to dismiss the appeal from the postjudgment order. We grant the motion.

On October 12, 1990, the judgment of dissolution was entered. Paragraph 2.2 of the judgment contained a guarantee by Ms. Levine that her husband would receive at least $3,057,000 from the sale of various assets. Disputes arose between the parties as to whether there was compliance with the aforementioned guarantee. On March 29, 1994, the following order was

entered in response to an order to show cause: "IT Is ORDERED as follows: [¶] 1. Concerning paragraph 2.2 of the Judgment entered October 12, 1990, at pp. 10 and 11 of such Judgment (such paragraph being entitled 'Guarantee by Respondent'), the Court has authority and jurisdiction pursuant to said Judgment to make any and all orders in connection with the sale and disposition of the assets referred to in paragraph 2.2 of said Judgment, including but not limited to the authority to approve any proposed listing agreement or other method of sale of assets, including the listing agent or person administering the sale of specific assets, the listing price or terms of sale, the listing or selling entity, or any other issues affecting said sale[s] [*sic*]. [¶] 2. In the event that there is a dispute regarding any facet of listing and/or sale of any of the assets set forth in paragraph 2.2 of said Judgment, such disputes may be resolved by ex parte motion before this Court, with the moving party being required to give at least 24 hours actual notice of the intent to seek ex parte relief, and with the moving party being required to serve all moving papers upon which the moving party will rely in connection with said ex parte relief upon opposing counsel by telecopier / fax, or other method of actual notice / delivery resulting in a full 24 hour notice to opposing counsel of relief sought, and the full basis for same. [¶] 3. For purposes of the notice / service referred to in paragraph 2, service upon the parties themselves pursuant to *Civil Code* Section 4809 is unnecessary, providing service upon counsel for the parties is properly effected, each party audibly, upon specific inquiry by the Court, waived his or her right to require service pursuant to *Civil Code* Section 4809 in connection with ex parte requests made pursuant to this Order. [¶] 4. Petitioner's request for attorney's fees and costs is reserved. [¶] 5. Notwithstanding the order that an attorney order be prepared, this Order is effective forthwith on September 17, 1992, and all parties and counsel were so advised on such date." On April 28, 1994, Mr. Levine's counsel filed the following notice of appeal: "PLEASE TAKE NOTICE that Respondent William D. Levine appeals from that certain 'Order After Hearing on Order to Show Cause' dated March 29, 1994, and entered on said date." Ms. Levine has moved to dismiss the appeal on various grounds including the fact that the order of March 29, 1994, is not appealable.

We agree that the appeal must be dismissed because the March 29, 1994, order is not appealable. The orders under review are not described specifically in Code of Civil Procedure section 904.1. There is no federal or state constitutional right to appeal. (*Lindsey* v. *Normet* (1972) 405 U.S. 56, 77 [31 L.Ed.2d 36, 52-53, 92 S.Ct. 862]; *Trede* v. *Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745].) Further, the California Supreme Court has repeatedly held that the right to appeal is wholly statutory. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d

976], disapproved on another point in *People* v. *Green* (1980) 27 Cal.3d 1, 34-35 [164 Cal.Rptr. 1, 609 P.2d 468] [". . . a judgment or order is not appealable unless expressly made so by statute"]; *Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825] ["a party possesses no right of appeal except as provided by statute"]; *People* v. *Keener* (1961) 55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587], disapproved on another point in *People* v. *Butler* (1966) 64 Cal.2d 842, 844 [52 Cal.Rptr. 4, 415 P.2d 819] [". . . an order is not appealable unless declared to be so by the Constitution or by statute"]; *People* v. *Valenti* (1957) 49 Cal.2d 199, 204 [316 P.2d 633], disapproved on another point in *People* v. *Sidener* (1962) 58 Cal.2d 645, 647 [25 Cal.Rptr. 697, 375 P.2d 641] [". . . the right of appeal is statutory and a judgment . . . is not appealable unless it is expressly made so by statute"]; *Modern Barber Col.* v. *Cal. Emp. Stab. Com.* (1948) 31 Cal.2d 720, 728 [192 P.2d 916] [". . . the Legislature has the power to declare by statute what orders are appealable, and, unless a statute does so declare, the order is not appealable"]; *Trede* v. *Superior Court, supra,* 21 Cal.2d at p. 634 [there being no constitutional right of appeal, ". . . the appellate procedure is entirely statutory and subject to complete legislative control"]; *Superior Wheeler C. Corp.* v. *Superior Court* (1928) 203 Cal. 384, 386 [264 P. 488] ["right of appeal is statutory and may be granted or withheld"].) Accordingly, if the orders under review are appealable at all, it must be pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2) which states in pertinent part: "An appeal may be taken from a superior court in the following cases. [¶] . . . [¶] (2) From an order made after a judgment made appealable by paragraph (1)."

Our Supreme Court has described the scope of appealable postjudgment orders as follows: "The rule that an appealable postjudgment order must affect the judgment or relate to its enforcement has existed for more than a century. . . . [¶] In the ensuing years we determined the appealability of a variety of postjudgment orders. It is instructive to review those we have held that did not affect the judgment or relate to its enforcement, and hence were not appealable. All are orders that, although following an earlier judgment, are more accurately understood as being preliminary to a later judgment, at which time they will become ripe for appeal. [¶] For example, we held not appealable a posttrial order excusing a plaintiff's failure to present a bill of exceptions for a settlement before making a motion for a new trial; it would become appealable as part of an appeal from the later motion for a new trial. [Citation.] Similarly, an order denying a motion to amend an order vacating a judgment 'could be reviewed by appeal only on an appeal from the subsequent final judgment.' [Citation.] An order approving employment of additional counsel for a receiver with respect to an appeal 'is not a matter

affecting enforcement of the [preceding] judgment.' [Citation.]" (*Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 652 [25 Cal.Rptr.2d 109, 863 P.2d 179].) In *Lakin*, the issue involved the postjudgment denial of a motion for attorney fees. The court emphasized that the order was "not preliminary to future proceedings and will not become subject to appeal after a future judgment." (*Id.* at p. 654.) In concluding that the order was appealable, our Supreme Court held: "Accordingly, we hold that the order here in issue, denying an award of attorney fees requested pursuant to Code of Civil Procedure section 2033, subdivision (o), is a postjudgment order that affects the judgment or relates to its enforcement because it determines the rights and liabilities of the parties arising from the judgment, *is not preliminary to later proceedings, and will not become subject to appeal after some future judgment.*" (*Id.* at p. 656, italics added.) ▮ As can be noted from *Lakin*, an essential element of an appealable postjudgment order is that the order be one which is not preliminary to later proceedings and will not become subject to an appeal after some future judgment.

We agree with Ms. Levine that the order of March 29, 1994, is not sufficiently final to be appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2). The first paragraph of the order merely constitutes a finding by the court that it has the authority to approve: the listing agreement; other methods of sale; the identity of the listing agent; the person who will administer the sale of specified assets; the price and terms of sale; the particular entity which would sell the assets; and any other issue affecting the sale. Paragraphs 2 and 3 of the March 29, 1994, order provided directions concerning the method by which disputes would be resolved. Finally, the court stated in paragraph 4 that issues concerning attorney fees and costs would be reserved. Such an order is one which is "preliminary to later proceedings" within the meaning of *Lakin* v. *Watkins Associated Industries, supra,* 6 Cal.4th at pages 654, 656. Accordingly, because the order of March 29, 1994, is not sufficiently final, it was not appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2) as a order made after the judgment of October 12, 1990.[1]

---

[1]Ms. Levine has requested this court impose sanctions. However, we are not satisfied that the standards of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 645-651 [183 Cal.Rptr. 508, 646 P.2d 179], are present. The present appeal is not frivolous. No prior decisional authority has specifically held the orders under review are not directly appealable. Further, as can be noted from the *Lakin* opinion, there has been some uncertainty as to the scope of appealability of postjudgment orders. (*Lakin* v. *Watkins Associated Industries, supra,* 6 Cal.4th at pp. 652-656.) Moreover, we cannot determine the ultimate merits of the appeal based upon the record provided to us so as to determine that it is frivolous within the scope of *In re Marriage of Flaherty, supra,* 31 Cal.3d at pages 645-651. Finally, insofar as Ms. Levine contends that the purpose of the appeal was solely for delay, the evidence in that regard is not of sufficient

The appeal is dismissed. The sanctions request is denied. Respondent, Teresa Levine, shall recover her costs incurred on appeal from appellant, William Levine.

Grignon, J., and Armstrong, J., concurred.

certainty and persuasiveness to permit the imposition of sanctions. However, the trial court retains the authority to fix attorney fees and to make other equitable orders.