Filed 12/12/13  Marriage of Cheung and Mak CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of WENDY CHEUNG and ROLLAND MAK. WENDY CHEUNG, Respondent, v. ROLLAND MAK, Appellant. | A138276 (San Mateo County Super. Ct. No. FAM0108668) |

Appellant Rolland Mak appeals from an order regarding child custody and visitation rights and directing him to pay certain unpaid costs relating to court-ordered therapy.  We find the order nonappealable and dismiss the appeal.

BACKGROUND

In earlier proceedings, the marriage of Mak and respondent Wendy Cheung was formally terminated, custody of their child was awarded to Cheung, and Mak was granted certain visitation rights.  Judgment issued in April 2011.

In 2011, the child (then 11 years old) stopped attending the visitation sessions because the child no longer wanted to see Mak.  In December 2011, the trial court appointed a reunification therapist for the child to determine whether it would be in the best interest of the child to engage in reunification with Mak at that time.  The December

1

2011 order provided for Mak to pay the full cost of the reunification therapy. Mak paid for some, but not all, of the therapy costs; the unpaid amount was $720.

In December 2012, Mak filed a motion to modify custody and visitation arrangements, and to modify the order requiring Mak to pay the reunification therapist's costs to provide the unpaid costs be shared between Mak and Cheung. In March 2013, after a hearing, the trial court issued an order awarding sole legal and physical custody to Cheung, terminating visitations with Mak pending further court orders, and continuing the child's meetings with the reunification therapist "as deemed clinically appropriate by the therapist." The order also provided Mak "owes therapist $720, subject to realloc[a]tion." The order continued the matter to May 2013 for "Trial re[g]arding child custody, visitation and sharing cost of reunification program."

Mak appealed from this March 2013 order. In a separate and unconsolidated appeal, Mak has appealed from a May 2013 order issued after the trial scheduled in the March 2013 order.

DISCUSSION

Mak challenges the March 2013 order's provisions regarding custody, visitation, and payment to the reunification therapist for services rendered. Cheung did not file a response brief.

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment. [Citation.]" (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 (*Griset*).) Code of Civil Procedure section 904.1[1] is " '[t]he principal statute [that] defines the scope of appellate jurisdiction in the Court of Appeal . . . .' [Citation.]" (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 75.)

Mak correctly recognizes the order is not a final judgment under section 904.1, subdivision (a)(1), as his statement of appealability does not rely on that provision. (See

---

**1** All undesignated section references are to the Code of Civil Procedure.

2

*Griset, supra,* 25 Cal.4th at p. 697 [appealable final judgment is "the final determination of the rights of the parties"].)

He also does not rely on section 904.1, subdivision (a)(2), authorizing appeals of orders issued after final judgment. This, too, is correct. "[A]n essential element of an appealable postjudgment order is that the order be one which is not preliminary to later proceedings . . . ." (*In re Marriage of Levine* (1994) 28 Cal.App.4th 585, 589.) The March 2013 order expressly contemplates future proceedings on "child custody, visitation and sharing cost of reunification program," and provides the $720 debt is "subject to realloc[a]tion." The order is thus "preliminary to later proceedings" and is not appealable pursuant to section 904.1, subdivision (a)(2).

Mak's statement of appealability claims the order is appealable under section 904.1, subdivisions (a)(3) through (a)(13). But none of the cited subdivisions apply to the order. Although section 904.1, subdivision (a)(10) authorizes appeals from "an order made appealable by the provisions of . . . the Family Code," Mak does not identify any Family Code provision making the order appealable. (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 558 ["The parties have cited no statute expressly making temporary custody orders appealable, and we have found none."].)

DISPOSITION

The appeal is dismissed.  Cheung is awarded her costs on appeal.

 

_____

SIMONS, J.

 

We concur.

 

_____

JONES, P.J.

 

_____

NEEDHAM, J.