Filed 4/29/14  Marriage of Bush CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of MARIAH M. and DONALD A. BUSH. | |
| | D062711 |
| MARIAH M. BUSH, | |
| Respondent, | (Super. Ct. No. DN133506) |
| v. | |
| DONALD A. BUSH, | |
| Appellant; | |
| SAN DIEGO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Respondent. | |

APPEALS from orders of the Superior Court of San Diego County, Kelly C.

Doblado, Judge.  Dismissed in part; reversed in part and remanded.

Donald A. Bush, in pro. per., for Appellant.

No appearance for Respondent Mariah M. Bush.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez, Sharon Quinn and Ricardo Enriquez, Deputy Attorneys General, for Respondent San Diego County Department of Child Support Services.

Donald Bush (Donald),[1] representing himself in propria persona, appeals from postjudgment family court orders concerning modification of spousal support and payment of his child's orthodontia expenses. Specifically, Donald contends that (1) spousal support should have been modified because his financial situation has changed since spousal support was ordered in 2006; and (2) his portion of the monthly orthodontia expenses should be satisfied from the derivative Social Security benefit paid to the child. As we will explain, we conclude that the appeal of the spousal support issue is premature because — at the time of Donald's appeal — the family court had not yet ruled on Donald's request to modify spousal support. However, Donald's second contention has merit in that orthodontia expenses are a type of child support that may be satisfied by derivative Social Security benefits paid to the child. Accordingly, we reverse the order concerning the source of the payment for the orthodontia expenses, and we remand for further proceedings. The remainder of the appeal is dismissed.

---

[1]     As is customary in family law matters, we refer to the parties by their first name for the sake of clarity and intend no disrespect in doing so.

I

FACTUAL AND PROCEDURAL BACKGROUND

Mariah filed a petition for dissolution in 2004. In February 2006, the family court entered support orders, requiring that Donald make monthly payments of $311 in spousal support and $580 in child support. At the time of the dissolution, the parties had two minor children, born in 1989 and 1996. In arriving at the support orders, the court imputed a gross income $70,000 per year ($5,833 per month) for Donald, which was apparently based on a vocational evaluation report.

By the time of the proceedings relevant to this appeal, only one of the parties' children — born in 1996 — was still a minor (the Child). As of August 2012, Donald had accumulated child support and spousal arrearages of over $14,000.

The San Diego County Department of Child Support Services (the Department) has intervened in this action (Fam. Code, § 17400, subd. (k)) and has filed a respondent's brief in this appeal.[2]

Since 2006, the family court has made several orders modifying child support, but has not modified spousal support from the monthly amount of $311 set in 2006. In this appeal, Donald focuses on issues concerning child support and spousal support, which the

---

[2] Mariah has not appeared in the appeal.

family court addressed at a July 25, 2012 hearing, a September 26, 2012 hearing, and an October 3, 2012 ex parte hearing.[3]

A.     *Child Support Issues*

At the July 25, 2012 hearing, the family court modified Donald's monthly child support payments to $351 per month as of September 1, 2012.  This modification was made because Donald was to begin collecting monthly Social Security benefits of $1,477 in September 2012.  Starting in September 2012, the Child was also to begin receiving a $742 per month derivative Social Security benefit.  During the July 25 hearing, the family court stated that the $351 monthly child support payment would be satisfied by the $742 monthly derivative Social Security benefit paid to the Child, and that the balance of the $742 payment would be applied toward Donald's child support arrearages.

At the July 25, 2012 hearing, the parties also discussed Donald's responsibility to pay for half of the Child's orthodontia expenses, of which Donald's share was $95.70 per month.  The monthly orthodontia expense was expected to continue through the end of the Child's treatment in December 2013.  Donald did not dispute his responsibility for the monthly orthodontia payments, but he disputed whether he should be required to pay the $95.70 out of his own pocket rather than having the obligation satisfied through part of

---

[3]     Donald filed three separate notices of appeal, which have been consolidated under the instant case number.  Specifically, Donald filed separate notices of appeal following the July 25, 2012 hearing and the September 26, 2012 hearing.  He filed a third notice of appeal after the family court denied his ex parte application on October 3, 2012, in which he attempted to obtain ex parte relief on the same spousal support issues discussed at the July 25 and September 26 hearings.  The family court denied the ex parte application because Donald did not establish the need for relief on an emergency basis.

the $742 per month derivative Social Security benefit paid to the Child. The family court ordered Donald to reimburse the $95.70 directly to Mariah from his own funds, concluding that the orthodontia expenses could *not* be satisfied by the derivative Social Security benefit.

With respect to child support, the family court ruled at the September 26, 2012 hearing that child support amounts, going forward, were to remain as set at the last hearing, and it confirmed its earlier ruling that the $351 per month child support order would be met by the $742 per month derivative Social Security benefit.

B. *Spousal Support Issues*

The issue of spousal support was also discussed at the July 25, 2012 and September 26, 2012 hearings, as the family court had before it two pending motions filed by Donald to modify spousal support.

The first pending motion, filed by Donald on May 11, 2010, sought to modify spousal support (the 2010 motion). The family court set the 2010 motion for hearing several times and continued it, requiring at a November 2010 hearing that the parties submit additional information. When continuing the matter, the family court specifically reserved jurisdiction to make the spousal support orders retroactive. Although the record is not clear, it appears that the 2010 motion was still pending at the time of the July 25, 2012 hearing.

At the July 25, 2012 hearing, the family court addressed the spousal support issues only insofar as it noted that a hearing was set for September 26, 2012, to address

5

Donald's motion to modify spousal support, and it directed the parties to submit updated information relevant to the spousal support factors set forth in Family Code section 4320.

At the September 26, 2012 hearing, although the family court addressed Donald's motions to modify spousal support, it continued those motions to January 9, 2013. The court specifically reserved jurisdiction on the motions to modify spousal support, stating that it would leave the current spousal support order of $311 per month in place until the next hearing because it wanted to consider any additional developments regarding Mariah's income. Mariah was newly unemployed and was in the process of trying to obtain unemployment benefits or find a new job.

Donald filed notices of appeal from the orders made at the July 25, 2012 and September 26, 2012 hearings and the ex parte hearing denying his October 3, 2012 ex parte application. The current appellate record contains no information about what happened after October 2012 in the family court, and thus we do not know what ruling the family court may have entered on the motion to modify spousal support at the January 9, 2013 hearing. Our records show that Donald has not filed any subsequent appeals in this matter.[4]

---

4    We note that the Department argues that we should strike Donald's opening brief and dismiss the appeal because his appellate briefing does not comply with the rules of court in several respects. It appears that Donald has made a good faith effort to comply with the applicable rules, and we are able to adequately understand and address the issues he raises based on his briefing. We will therefore exercise our discretion to consider the appeal.

6

## DISCUSSION

A.   *The Orthodontia Expenses Should Have Been Paid from the Child's Derivative Social Security Benefit*

Donald's first argument is that his responsibility for half of the Child's monthly orthodontia expenses — in the amount of $95.70 — should have been satisfied through the derivative Social Security benefit paid to the Child.  The Department concedes that Donald's position has merit and argues that we should remand with directions that the family court apply the correct approach.  As we will explain, we agree with the parties.

Family Code section 4504 states that derivative Social Security benefits paid to a noncustodial parent's child "shall be credited toward the amount ordered by the court to be paid by the noncustodial parent for support of the child."[5]  (Fam. Code, § 4504, subd. (b).)  The dispositive question, therefore, is whether Donald's obligation to pay a portion of the Child's orthodontia expenses is part of "the amount ordered by the court to be paid by the noncustodial parent for support of the child."  (*Id.*)

Family Code section 4062, subdivision (a) sets forth two categories of costs that a court "shall" order "as additional child support," including "[t]he reasonable uninsured health care costs for the children."  (*Id.*, § 4062, subd. (a)(2).)  According to statute, "[t]he

---

[5]   An exception to this rule arises when "the payments made by the federal government were taken into consideration by the court in determining the amount of support to be paid."  (Fam. Code, § 4504, subd. (b).)  That is not the case here, as the family court did not consider the derivative Social Security benefit when establishing the amount of Donald's child support obligations.

amounts in Section 4062 shall be considered additional support for the children." (*Id.*, § 4061.)

Orthodontia is a type of health care, and the parties do not contend otherwise. Thus, the orthodontia expenses fall under "[t]he reasonable uninsured heath care costs for the children" described as a type of child support in Family Code section 4062, subdivision (a)(2). Indeed, under its authority to order the payment of uncovered health care costs, the family court specifically ordered Donald to pay half of "any uncovered medical, dental, orthodontic, and optical expense."

Based on the above, the orthodontia expenses — as part of Donald's child support obligations — should have been satisfied through the Child's derivative Social Security benefit pursuant to Family Code section 4504, subdivision (b).

Incorrectly believing that the orthodontia expenses could not be satisfied by the derivative Social Security benefit, the family court improperly ordered that after the $351 child support payment was deducted from the $742 derivative Social Security benefit, the remainder of the $742 was to be applied to the payment of Donald's child support arrearages. Code of Civil Procedure section 695.221 establishes how "satisfaction of a money judgment for support shall be credited."[6] As set forth in that provision, "(a) The money shall *first* be credited against the current month's support[,]" and "(b) Any *remaining* money shall next be credited against the principal amount of the judgment

---

[6]    Family Code section 4504, subdivision (b) specifically states that derivative Social Security benefits "shall be credited in the order set forth in Section 695.221 of the Code of Civil Procedure."

8

remaining unsatisfied."  (Code Civ. Proc., § 695.221, italics added.)  Thus, the family court should have ordered that the remaining portion of the monthly derivative Social Security benefit be credited to Donald's child support arrearages only *after* Donald received credit for the payment of his *entire* monthly child support obligation, *including* the monthly payments for the Child's orthodontia expenses.

B.      *The Portion of Donald's Appeal Concerning Modification of Spousal Support Is Premature*

Next, we consider Donald's arguments concerning spousal support.  Although Donald's argument is unfocused, as we understand his position Donald contends that the family court should have modified spousal support based on his current financial situation.

Donald's appeal on the spousal support issue is premature.  Postjudgment orders are appealable pursuant to Code of Civil Procedure 904.1, subdivision (a)(2) (authorizing an appeal from "an order made after a judgment made appealable by paragraph (1)").  However, "this does not literally mean that *any* order after a previous judgment is appealable.  To be appealable, a postjudgment order must meet certain requirements." (*In re Marriage of Ellis* (2002) 101 Cal.App.4th 400, 403.)  "[A]n essential element of an appealable postjudgment order is that the order be one which is not preliminary to later proceedings . . . ."  (*In re Marriage of Levine* (1994) 28 Cal.App.4th 585, 589.)  Thus, for instance, in *Levine*, the husband could not appeal from a postjudgment order in which the family court found that it had the authority to resolve disputes relating to the sale of the parties' assets, provided directions for how the parties could apply to the court to obtain

9

resolution of such disputes, and reserved issues concerning attorney fees and costs. (*Ibid*.) That order was not appealable because it was " 'preliminary to later proceedings' " and "not sufficiently final." (*Ibid*.) Similarly, in *Ellis*, the family court's order determining that it had authority to evaluate and divide a medical subsidy, which was "only preliminary to *actually* doing so" was not appealable because "the order could be reviewed upon appeal from the subsequent final judgment on reserved issue that actually divides the asset." (*Ellis*, at p. 403.)

Here, the family court specifically continued Donald's request to modify spousal support to January 9, 2013. Any rulings concerning spousal support made at the July 25, 2012, September 26, 2012 and October 3, 2012 hearings from which Donald purports to appeal are not the proper subject of an appeal because they were preliminary to an eventual ruling on the motion to modify spousal support that the family court continued to January 9, 2013.[7] We therefore dismiss the portion of Donald's appeal purporting to challenge any rulings on spousal support made at the July 25, September 26, and October 3 hearings.[8]

---

[7] In Donald's reply brief, he contends that his appeal is not premature because the family court purportedly made a ruling on spousal support at a February 2, 2011 hearing. There are two problems with this argument. First, the transcript from the February 2, 2011 hearing does not reflect a ruling on spousal support. Instead, the transcript shows that the family court took the spousal support issue "under advisement," but there is no indication in the record that the court ever ended up issuing a ruling. Second, even if there had there been a ruling in February 2011, Donald did not file a timely appeal from any such ruling.

[8] We note that Donald did *not* file a notice of appeal from whatever ruling the family court may have made on January 9, 2013, or thereafter on his motion to modify

10

Further, we observe that throughout Donald's discussion, his primary focus seems to be the 2006 spousal support order, which he takes issue with because it was based on an imputed annual income of $70,000, which he contends was unreasonable. Any attempt to challenge the 2006 spousal support order is clearly untimely, as that ruling became final years ago, and Donald acknowledges that he did not appeal at the time of the order in 2006.

## DISPOSTION

The appeal is dismissed insofar as it challenges any rulings on spousal support made at the July 25, 2012, September 26, 2012 and October 3, 2012 hearings. The family court's order directing that Donald pay his share of the Child's monthly orthodontia expenses out of his own pocket rather than satisfying that expense though the Child's derivative Social Security benefit is reversed, and this matter is remanded for

child support, and thus he apparently does not dispute the family court's eventual resolution of this issue. At the oral argument of this appeal, Donald stated that in January 2013, the family court terminated spousal support, and that he currently owes no arrearages. In light of that representation, Donald's arguments for modification of spousal support are moot, and there is no relief that we could afford him on appeal concerning spousal support.

11

further proceedings consistent with our opinion.  The parties are to bear their own costs

on appeal.

_____

IRION, J.

WE CONCUR:


_____

BENKE, Acting P. J.


_____

AARON, J.