Filed 3/29/16  Marriage of Bazar and Shorr CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re Marriage of RENEE BAZAR and ALAN SHORR. | B256588 |
| | (Los Angeles County Super. Ct. No. BD458883) |
| RENEE M. BAZAR, Appellant, v. ALAN SHORR, Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, Ralph C. Hofer, Judge.  Affirmed in part and dismissed in part.

Renee M. Bazar, in pro. per., for Appellant.

Klopert & Ravden, Scott Klopert, for Respondent.

_____

This is the third occasion we have considered appeals arising from the dissolution of the marriage between Renee M. Bazar and Alan Shorr. For the second time Renee[1] asks this court to vacate the further judgment on reserved issues entered on February 7, 2011. She also seeks to vacate a stipulation and order governing support and attorney fee arrearages entered on March 27, 2014, a settlement she claims she entered under duress. In addition, she appeals from the orders of the family court staying enforcement of the spousal support provisions of the March 27, 2014 stipulation and order and denying her request for additional attorney fees. With the exception of her appeal from the August 8, 2014 order denying her motion to set aside the February 7, 2011 judgment, which we affirm, we dismiss Renee's appeals and deny as untimely Alan's motion for an award of sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Previous Proceedings*

In January 2007 Renee petitioned for dissolution of her nearly 19-year marriage to Alan. On June 3, 2008 the superior court entered a judgment of dissolution, status only, pursuant to Family Code section 2337, subdivision (a).[2] On September 15, 2008 Renee obtained a temporary spousal support order of $8,120 per month.

On January 5, 2010 the parties entered into a marital settlement agreement (MSA) that reduced Renee's spousal support to $5,500 per month "until the death of either party, remarriage of Renee or further order of court." The case was set for trial on Alan's breach of fiduciary duty claim[3] and the remaining property issues. On January 6, 2011, the day scheduled for trial, Renee failed to appear and did not notify the court of the reason for her

---

[1]    Although Renee and Alan no longer share the same last name, the matter was filed under Renee's married name. Accordingly, we refer to them by their first names for convenience and clarity. (See *Jones v. ConocoPhillips Co.* (2011) 198 Cal.App.4th 1187, 1191, fn. 1.)

[2]    Statutory references are to this code unless otherwise indicated.

[3]    The breach of fiduciary duty claim alleged Renee had improperly refused to consent to the sale of the community's interest in Alan's investment management company.

absence. Alan proceeded with his case. Based on the evidence he presented, the court awarded Alan $600,000 in damages arising from Renee's breach of fiduciary duty and ordered Renee to reimburse Alan for certain expenditures. Judgment on the reserved issues was entered on February 7, 2011.

On March 2, 2011 Renee moved to strike or set aside the judgment on the ground the court lacked jurisdiction because there had been no final appellate ruling on her writ petition seeking to disqualify the trial judge (Hon. Mark Juhas). She failed to appear at the April 11, 2011 hearing on her motion, and it was denied. Renee appealed from the judgment; we affirmed. (See *In re Marriage of Shorr* (Mar. 20, 2013, B232176) [nonpub.] (*Shorr I*).)

2. *The Second Appeal*

Although the issue of spousal support had been settled as part of the MSA, neither party moved to confirm the settlement under Code of Civil Procedure section 664.6; and it was not identified in the February 7, 2011 judgment on reserved issues entered after trial. Alan moved to confirm the terms of the MSA on March 14, 2011, but the motion was not heard until August 24, 2011, well after Renee had appealed the judgment. Judge Juhas declined to rule on the motion pending resolution of Renee's appeal, which, among other issues, sought review of her motion to disqualify him.

On October 14, 2011 Alan filed a request for an order to show cause seeking to modify his spousal support obligation to $1,881 per month based on his reduced income. On January 26, 2012 he filed a supplemental declaration, including a revised income and expense declaration, seeking reduction of his monthly spousal support obligation to $642. The March 1, 2012 hearing proceeded before Judge Michelle Court, who was new to the case. Based on the pending motion to confirm the terms of the MSA, Judge Court agreed with Alan's counsel to treat the request as a pendente lite, temporary support proceeding and granted the request for modification retroactive to October 15, 2011.

Renee appealed the order on the ground Alan had sought modification of a long-term spousal support agreement and the court had improperly failed to consider the factors set forth in section 4320. We agreed and reversed the order, directing the superior court to

3

enter a new order based on the factors set forth in section 4320. (See *In re Marriage of Bazar and Shorr* (June 17, 2013, B239592) [nonpub.] (*Shorr II*).)

3. *The Instant Appeal*

In September 2013 Renee filed a request to set aside the April 11, 2014 order denying her motion to vacate the February 7, 2011 judgment on the ground her notice of appeal from the judgment had divested the court of jurisdiction to rule on that request. On January 2, 2014 she filed a request to vacate the February 7, 2011 judgment on the ground it had been procured by Alan's fraudulent testimony. The first request was denied on February 28, 2014, and an order to that effect was entered on April 7, 2014. Renee filed a notice of appeal from that order on May 27, 2014.

In October 2013 Renee had retained counsel to assist her in securing a further judgment on the reserved items addressed in the MSA and additional attorney fees.[4] On February 27, 2014 the trial court indicated it would approve the judgment but (over Renee's objection) stay enforcement of the spousal support award pending resolution of the outstanding requests for modification. The judgment on further issues was entered on March 14, 2014.

On March 27, 2014 the court heard argument related to the parties' pending requests for modification of spousal support and Renee's request for attorney fees. The court awarded Renee $20,000 in attorney fees and an additional $10,000 to retain an expert to evaluate Alan's statement of income and expenses. The court stayed enforcement of the spousal support provision of the judgment, ordered the parties to meet and confer on the requests for modification of spousal support and continued the hearing on those requests to June 6, 2014. Renee filed a notice of appeal from these orders on June 11, 2014.

Following the hearing the parties met and arrived at a settlement, by written stipulation, of "all claims regarding all arrearages, credits, and interest pertaining to

---

[4]     Renee's counsel agreed to represent Renee on a limited basis and declined to represent her with respect to her September 2013 request for an order vacating the February 7, 2011 judgment affirmed in *Shorr I*.

4

spousal support as between the parties through and including March 27, 2014." As stipulated, Alan was to pay Renee $40,000 within five days of the execution of the stipulation, $10,000 within 45 days and $20,000 within six months. Commencing April 1, 2014 Alan was to pay monthly spousal support of $3,175, a sum that was non-modifiable through April 1, 2017. The pending requests for modification of spousal support were taken off-calendar. The parties also agreed to strike the expert fee awarded by the court and to reduce the attorney fee award to $15,000. The stipulation was approved by the court as a modification of the judgment on reserved issues and entered that same day.[5] Renee filed a notice of appeal from the stipulation and order on May 27, 2014.

Renee's request to vacate the February 7, 2011 judgment for extrinsic fraud was set for hearing on June 6, 2014. On June 2, 2014 a new attorney filed a notice of limited scope representation of Renee for the sole purpose of seeking a continuance of the June 6, 2014 hearing. The same day Renee filed a statement pursuant to Code of Civil Procedure section 170.3, subdivision (c)(1), seeking to disqualify Judge Hofer for bias. On June 3, 2014 the court struck her statement. On June 4, 2014 Renee's new counsel appeared ex parte seeking a continuance of the hearing to July 9, 2014 to coincide with a new request for an order filed by Renee seeking additional attorney fees. Judge Hofer denied the ex parte application. On June 6, 2014, after deciding the scheduled request for an order vacating the February 7, 2011 judgment did not warrant an evidentiary hearing (§ 217, subd. (b)), Judge Hofer denied the request as untimely and foreclosed by the decision in *Shorr I.* An order on that ruling was filed on August 8, 2014, and Renee filed a notice of appeal from the order on October 17, 2014.

We granted Renee's motion to consolidate the four appeals: her May 27, 2014 appeal from the April 7, 2014 order denying her motion to vacate the April 11, 2011 order, which had denied her first request to vacate the February 7, 2011 judgment; her May 27, 2014 appeal from the March 27, 2014 stipulation and order; her June 11, 2014 appeal from

---

5       Renee's counsel had filed a motion to be relieved on March 12, 2014 but continued to represent Renee through the March 27, 2014 settlement.

the May 15, 2014 order continuing the hearing on pending matters, staying the spousal support provisions of the March 14, 2014 order and denying her request for attorney fees; and her October 17, 2014 appeal from the August 8, 2014 order denying her motion to set aside the February 7, 2011 judgment for extrinsic fraud. On November 23, 2015 Alan moved pursuant to Code of Civil Procedure section 907 and California Rules of Court, rule 8.276 to sanction Renee in the amount of $12,000 for filing frivolous appeals. Renee filed a motion to strike the request as untimely under rule 8.276(b)(1).

## DISCUSSION

1. *The April 7, 2014 Order Denying Renee's Motion To Vacate the April 11, 2011 Order Was Not an Appealable Order*

The central problem with Renee's efforts to vacate the February 7, 2011 judgment on reserved issues is conceptual in nature. A litigant seeking to set aside a family court judgment adjudicating property divisions or spousal support can do so only by complying with statutes that expressly provide for that relief. These remedies include a motion for a new trial (Code Civ. Proc., §§ 656, 657) or a motion to set aside the judgment under section 2122. Unless the judgment is void on its face (see Code Civ. Proc. § 473, subd. (d); *Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 181), once the time has lapsed to move for a new trial "'[s]ection 2122 sets out the *exclusive grounds and time limits* for an action or motion to set aside a marital dissolution judgment.' [Citation.] 'Unlike traditional equitable set-aside law where "laches" is the only time limit on relief . . . , [section] 2120 et seq. accommodates the public policy interest in putting an end to litigation and ensuring the "finality" of family law judgments by setting *absolute deadlines* on obtaining a post-[judgment] set-aside. Once the statutorily prescribed period expires . . . , set-aside relief is *not available* and the judgment is effectively *final for all purposes.*'" (*In re Marriage of Georgiou & Leslie* (2013) 218 Cal.App.4th 561, 571.)[6]

---

[6]   "Under section 2122, there are six grounds to set aside a judgment, or portion thereof, including actual fraud, perjury, duress, mental incapacity, mistake, and the failure to fully disclose the value of assets under section 2100 et seq." (*In re Marriage of Georgiou & Leslie, supra,* 218 Cal.App.4th at p. 571.) An action or motion based on fraud, perjury or failure to comply with the disclosure requirements of section 2122 must

6

Renee did not invoke these statutory remedies. Instead, as was her right, she appealed directly from the February 7, 2011 judgment, which we affirmed in *Shorr I*. Her current argument that the April 11, 2011 order denying her motion to vacate the judgment was void because the filing of the notice of appeal in *Shorr I* had deprived the court of jurisdiction to consider that motion is generally correct: "[T]he perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." (Code Civ. Proc., § 916, subd. (a).) "To accomplish this purpose, section 916, subdivision (a) stays all further trial court proceedings 'upon the matters embraced' in or 'affected' by the appeal. In determining whether a proceeding is embraced in or affected by the appeal, we must consider the appeal and its possible outcomes in relation to the proceeding and its possible results. '[W]hether a matter is "embraced" in or "affected" by a judgment [or order] within the meaning of [section 916] depends on whether postjudgment [or postorder] proceedings on the matter would have any effect on the "effectiveness" of the appeal.' [Citation.] 'If so, the proceedings are stayed; if not, the proceedings are permitted.'" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189.)

Nonetheless, whether the April 11, 2011 order denying Renee's motion to vacate the judgment was facially void for lack of jurisdiction is entirely beside the point. Neither that order nor the April 7, 2014 order denying her motion to vacate it was an appealable order. (See, e.g., *Marriage of Brockman* (1987) 194 Cal.App.3d 1035, 1040 ["[o]rdinarily, the denial of a [non-statutory] motion to vacate a judgment is not an appealable order"].) An exception to this rule lies only when "the record made at the time of the judgment does not disclose the grounds for appeal." (*Id.* at p. 1043.) "Such cases frequently arise where the error complained of occurs around the time the judgment is

_____

be brought within one year after the complaining party discovered or should have discovered the facts constituting the misconduct. (§ 2122, subds. (a), (b) & (f); see *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1149.)

7

entered or afterwards. The only way to bring the issue to the attention of the trial court or to make a record for appeal is by bringing a motion to vacate. In such instances, the denial of the motion to vacate is then appealable . . . ." (*Ibid*.; accord, *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1576; see generally 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 197, pp. 273-274.)

The ground Renee asserted in her 2011 motion to vacate the judgment—that is, the judgment was void because there had been no final ruling on her motion to disqualify the judge—could have been raised on appeal from the judgment. Her current appeal, which asserts the order denying that request to vacate was also void for lack of jurisdiction, is similarly unappealable. As to Renee's goal of vacating the February 7, 2011 judgment, her only recourse, which she failed to pursue, was to seek timely relief under section 2122.[7] At this juncture, the judgment is final.

2. *Renee's Appeals from the Stipulation and Order Entered on March 27, 2014 and the Orders Entered Earlier That Day Are Dismissed for Lack of Jurisdiction*

Except where a judgment is void on its face, a judgment entered pursuant to stipulation is not appealable. (See *Reed v. Murphy* (1925) 196 Cal. 395, 401; *Adoption of Matthew B.* (1991) 232 Cal.App.3d 1239, 1267-1268; *Papadakis v. Zelis* (1991) 230 Cal.App.3d 1385, 1387-1388.) As the Supreme Court explained in *Reed*, litigants who consent to the terms of a judgment "waive[] any errors therein, and . . . there remains nothing to be reviewed upon an appeal therefrom, and the appeal is dismissed." (*Reed,* at p. 401; accord, *Papadakis*, at pp. 1387-1388; see also *In re Marriage of Brockman, supra,* 194 Cal.App.3d at p. 1041 ["[E]rrors favorable to an appellant are not subject to review. It is 'well settled by statute, case law, and logic that only an aggrieved party may bring the appeal.'"].)

---

[7] There is an apparent conflict between the limitation periods contained in section 2122 and the general proposition that an appeal will divest a trial court of jurisdiction to consider a motion to vacate a judgment. That issue has not been addressed in a published decision. However, because Renee did not seek relief under section 2122, we need not address this issue.

The stipulation agreed to by Renee on March 27, 2014 was entered by the court as an order modifying the judgment with respect to Alan's future spousal support obligation and support and attorney fees arrearages. Renee's consent to that order necessarily waived her right to appeal it; that is, she was not legally aggrieved by the order, and there is nothing for this court to review. Renee's remedy for her contention she signed the agreement under duress was to seek relief in the first instance from the trial court. (See, e.g., § 2122, subd. (e) [authorizing a motion to set aside a stipulated judgment on the grounds of mistake of fact or law].) Having failed to raise the issue of duress as a ground to set aside the judgment in the trial court, she may not raise it for the first time in this appeal. (See *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 116-117 & fn. 17 [appellant is not permitted "to bootstrap onto this appeal any arguments regarding the underlying judgment that were not already raised on the motion to set aside in the trial court below"].)

Likewise, by the express terms of the stipulation and order, Renee agreed to the withdrawal of the pending requests for modification of spousal support and to the amount of fees to be paid to her counsel. Thus, her appeal from the court's orders entered before the execution of the stipulation, to the extent they were appealable at all (see *In re Marriage of Levine* (1994) 28 Cal.App.4th 585, 589 ["an essential element of an appealable postjudgment order is that the order be one which is not preliminary to later proceedings and will not become subject to an appeal after some future judgment"]), is moot. (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566 ["[a] question becomes moot when, pending an appeal . . . , events transpire which prevent the appellate court from granting any effectual relief"].)

3. *The August 8, 2014 Order Denying Renee's Motion To Vacate the February 7, 2011 Judgment Is Affirmed*

The opinion in *Shorr I* was issued on March 20, 2013, and the remittitur issued on July 2, 2013. Renee renewed her request for an order setting aside the February 7, 2011 judgment on January 2, 2014. Although Renee did not cite a statutory basis for the request, she alleged the judgment had been obtained by Alan's perjured testimony regarding the

9

community's interest in his investment partnership. The request contained no evidence supporting these allegations; instead, Renee "reserve[d] the right to produce additional evidence in the form of declarations, live testimony and documentary evidence at the time of the hearing."

The hearing on this motion was set for June 6, 2014. Four days before the hearing, Renee filed a request for an order awarding attorney and expert fees to allow her to document Alan's alleged perjury. At the same time she filed a statement seeking the disqualification of the judge, which the judge struck the next day. The following day she sought to continue the hearing by ex parte application, which was denied. At the hearing the court determined pursuant to section 217, subdivision (b), that an evidentiary hearing was not required and denied the motion as untimely and foreclosed by *Shorr I*.

Renee contends the trial court violated her due process right to be heard by refusing to continue the hearing until she could obtain the attorney and expert fees necessary to support her motion to set aside the February 7, 2011 judgment.

As we explained in *Shorr I* in rejecting the same argument Renee has made here, "A trial continuance may be granted only upon an affirmative showing of good cause. (Cal. Rules of Court, rule 3.1332(c).) We review a court's decision denying a request for continuance under the deferential abuse of discretion standard. (*Foster v. Civil Service Com.* (1983) 142 Cal.App.3d 444, 448.) Under this standard the reviewing court will 'only interfere with [the lower court's] ruling if [it] find[s] that under all the evidence, viewed most favorably in support of the trial court's action, no judge reasonably could have reached the challenged result.' (*Estate of Billings* (1991) 228 Cal.App.3d 426, 430.) The trial court abuses its discretion when '"it has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination."' (*Mendoza v. Club Car, Inc.* (2000) 81 Cal.App.4th 287, 301.)" (*Shorr I*, *supra*, B232176 [at *p. 8].)

Further, "'In determining whether a denial [of a continuance] was so arbitrary as to deny due process, the appellate court looks to the circumstances of each case and to the reasons presented for the request.' (*People v. Frye* (1998) 18 Cal.4th 894, 1013, disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421.) Factors to consider

10

include "'"the benefit which the moving party anticipates[,] . . . the likelihood that such benefit will result, the burden on other witnesses, jurors and the court and, above all, whether substantial justice will be accomplished or defeated by a granting of the motion.'"' (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037; see also *People v. Howard* (1992) 1 Cal.4th 1132, 1171-1172 ["'[I]t is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel.' [Citation.] Instead, '[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'"]." (*Shorr I*, *supra*, B232176 [at *pp. 8-9].)

The rules of law have not changed. While we are sympathetic with the dilemma faced by many non-earning spouses in contentious dissolution proceedings, there must be finality at some point. Renee has twice attacked the February 7, 2011 judgment without supporting her allegations of fraud and perjury and without complying with the relevant statutory framework.[8] She has sought continuance after continuance and has twice attempted to disqualify the judge presiding over the matter when the time comes to support her allegations. We find no abuse of discretion in the trial court's determination in this instance to proceed with its ruling on Renee's factually unsupported motion. Accordingly, we conclude Renee has failed to establish any deprivation of her due process rights.

4. *Alan's Motion For Sanctions Is Dismissed as Untimely*

California Rules of Court, rule 8.276(b)(1), requires a motion for sanctions be filed "no later than 10 days after the appellant's reply brief is due." Renee's reply brief was due on November 9, 2015. Alan's motion was filed on November 23, 2015, more than 10 days later. The motion is therefore dismissed for lack of compliance with rule 8.276(b)(1).

---

[8]     Whenever possible, we do not strictly apply technical rules of procedure in a manner that deprives self-represented litigants of a hearing. However, even a self-represented litigant who has no legal training or experience, unlike Renee, who practiced family law until 1996, is not excused from complying with substantive rules of law.

11

**DISPOSITION**

The appeal from the August 8, 2014 order is affirmed.  The appeals from the March 27, 2014 and April 7, 2014 orders are dismissed.  Alan's motion for sanctions is denied, and Renee's motion to strike is dismissed as moot.  Alan is to recover his costs on appeal.


PERLUSS, P. J.

We concur:



ZELON, J.



SEGAL, J.