Filed 11/4/25  Marriage of Talaich CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of ANTHONY and SONJA TALAICH. | H052896 (Santa Clara County Super. Ct. No. 17FL004083) |
| ANTHONY TALAICH, Appellant, v. SONJA TALAICH, Respondent. | |

The nature of family law proceedings can sometimes "make the case resemble an unruly desert caravan strung out upon the sands."  (*In re Marriage of Schaffer* (1999) 69 Cal.App.4th 801, 808 (*Schaffer*).)  This case is no exception.

This dissolution action began in 2017.  A year later, the trial court bifurcated the issue of marital status and entered a status-only judgment dissolving the marriage between appellant Anthony Talaich and respondent Sonja Talaich, while reserving jurisdiction over all other issues.  Since then, the parties have engaged in extensive litigation, resulting in multiple orders—and subsequent modifications—concerning custody, child and spousal support, property division, attorney fees, and enforcement.

After years of litigation, however, the trial court has yet to enter a final judgment on the reserved issues in this case, as originally contemplated by the parties.  In the

absence of such a judgment, Mr. Talaich appealed from an order enforcing the parties' prior stipulations regarding the division of their former marital residence. Because the order is a nonappealable interlocutory order, we dismiss the appeal for lack of jurisdiction.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In June 2018, based on the parties' agreement, the court entered the judgment terminating their marital status. The status-only judgment adjudicated only the issue of marital status.

In February 2024, the court entered an order based on the parties' agreement relating to the division of certain real properties, including the former marital residence, and attorney fees. The stipulated order provided that the parties' agreement "shall be considered a stipulated judgment on all outstanding issues," and "the parties shall cooperate to incorporate this agreement into a judgment on reserved issues." A few months later, in May 2024, to resolve the parties' dueling requests for sanctions against each other, the parties entered into another stipulated order to "clarify the terms of that [February 2024] Order." The order further clarified the liens that were to be assumed by Mr. Talaich in relation to the former marital residence, which included the underlying debt relating to those liens.

However, the parties continued to disagree over the terms of the stipulated orders, ultimately resulting in Ms. Talaich's filing of a request for order to compel Mr. Talaich's compliance with the orders. In October 2024, after the hearing on Ms. Talaich's request, the trial court ordered Mr. Talaich to pay her $50,000 owed to her "pursuant to the [stipulated] orders filed[,]" and ordered him to "immediately remove [Ms. Talaich] from all mortgages" on the parties' former family residence. The court filed its written findings and order after hearing on November 14, 2024.

Mr. Talaich timely appeals from the November 14, 2024 order.

2

## II.     DISCUSSION

### A.     Legal Standard

The existence of an appealable judgment or order is a jurisdictional prerequisite to an appeal which the reviewing court is duty-bound to consider on our own motion.[1] (*Warwick California Corp. v. Applied Underwriters, Inc.* (2020) 44 Cal.App.5th 67, 72-73; *In re Marriage of Tim & Wong* (2019) 32 Cal.App.5th 1049, 1052.)

An order is appealable only if authorized by statute. (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1432 (*Lafkas*).). While appeals of postjudgment orders are authorized by Code of Civil Procedure section 904.1, subdivision (a)(2), not all postjudgment orders are appealable, particularly in bifurcated family law proceedings. To be appealable, a postjudgment order must affect or relate to the enforcement of the underlying judgment and finally adjudicate the rights of the parties. (*In re Marriage of Levine* (1994) 28 Cal.App.4th 585, 588-589 (*Levine*), citing *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 652.) "[A]n essential element of an appealable postjudgment order" is that it "is not preliminary to later proceedings and will not become subject to an appeal after some future judgment." (*Levine*, at p. 589.)

For example, a bifurcated family court order concerning one asset is not appealable where it was "merely preliminary to a final order characterizing, valuing, and dividing all the marital assets." (*Lafkas*, *supra*, 153 Cal.App.4th at p. 1433.) Similarly, a family court order characterizing and dividing assets in a brokerage account is not appealable when the final property judgment had not yet been entered. (*In re Marriage of Grimes & Mou* (2020) 45 Cal.App.5th 406, 410, 419.)

### B.     Analysis

Here, the November 14, 2024 order is nominally a postjudgment order because the trial court entered a status-only judgment in 2018. Mr. Talaich concedes that none of the

---

[1] We requested and received supplemental briefing from the parties regarding our jurisdiction to consider this appeal.

issues on appeal relate to the status-only judgment nor its enforcement. As such, the November 14, 2024 order is not appealable as an order following the 2018 judgment because it does not affect or relate to the enforcement of that judgment. (*Levine*, *supra*, 28 Cal.App.4th at p. 588.)

Mr. Talaich argues that the February 2024 order constitutes the final judgment on the reserved issues because the parties agreed to treat it as such and nothing remained for judicial determination aside from compliance. He contends that the November 14, 2024 order is thus appealable as it relates to that purported final judgment on reserved issues. There are three insurmountable barriers to Mr. Talaich's position.

First, the parties' agreement that the February 2024 order "shall be considered a stipulated judgment on all outstanding issues" does not make it one. " '[A] paper filed in an action does not become a judgment merely because it is so entitled; it is a judgment only if it satisfies the criteria of a judgment. . . .' [Citations.]." (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 224.) Mr. Talaich contends that the only distinction between the February 2024 order and a final judgment is the absence of a Judicial Council form FL-180 (Family Law Judgment) cover sheet. We disagree. The law imposes mandatory prerequisites before a trial court may enter a judgment—requirements the February 2024 order, based on the record before us, does not appear to meet. (See Fam. Code, § 2106 ["judgment shall not be entered" on property issues until both parties have exchanged final disclosures and current income and expense statements, unless waived or excused for good cause].)

Second, the February 2024 order expressly states that the parties' agreements would be incorporated into a subsequent judgment on the reserved issues, demonstrating that the order was not final but merely preliminary to a final judgment. An order directing a party to prepare a judgment is a "mere preliminary entry authorizing the subsequent judgment[;]" it does not constitute a final disposition of the matter, and it is not appealable. (*Davis v. Taliaferro* (1963) 218 Cal.App.2d 120, 122.)

4

Finally, the order at issue on this appeal—the November 14, 2024 order—did not finally adjudicate the rights of the parties. While the order determined, in part, the rights and obligations of the party with respect to their prior stipulations concerning the former marital residence, the final judgment as to all other property and/or financial issues has yet to be entered. We are not persuaded by Mr. Talaich's argument that he lacks recourse to challenge the November 14, 2024 order because any future appeal of that order would be untimely. Although we express no opinion regarding the course of future proceedings, we observe that, absent waiver, "intermediate rulings are generally reviewable on appeal from *any* judgment or order made appealable by Code of Civil Procedure section 904.1 . . ." (*Santa Barbara Pistachio Ranch v. Chowchilla Water Dist.* (2001) 88 Cal.App.4th 439, 448 fn. 1; see also Code Civ. Proc., § 906.)

Mr. Talaich identifies no other basis for this court to exercise jurisdiction over the appeal, and we discern none.

### III.    DISPOSITION

We are mindful that family law cases often "do not end at the 'final' judgment of dissolution" because they "entail issues concerning an ongoing relationship." (*Schaffer*, *supra*, 69 Cal.App.4th at p. 807.) Against that backdrop, this court must exercise restraint to avoid " 'piecemeal disposition and multiple appeals in a single action [that] would be oppressive and costly,' " and must adhere to our duty to dismiss appeals from intermediate rulings. (*In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 735.)

The appeal from the November 14, 2024 order is dismissed. Respondent shall recover costs on appeal.

5

KULKARNI, J.*

WE CONCUR:

DANNER, ACTING P.J.

BROMBERG, J.

*Talaich v. Talaich*
H052896

* Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.