[Civ. No. 2287. First Appellate District.—October 22, 1917.]

ARTURO WOLF, Petitioner, v. HARRY I. MULCREVY, County Clerk, etc., Respondent.

ESTATES OF DECEASED PERSONS—FILING AND INDEXING SEPARATE PETITIONS FOR PROBATE—COUNTY CLERK—MANDAMUS.—The appellate court will not issue a writ of *mandamus* to compel the clerk of the superior court to file, number, and index a petition for the probate of the estate of a deceased person separately from a similar petition in the matter of the same estate theretofore filed and pending, as the clerk is not invested with power to determine whether or not the two other petitions are identically the same, but even if he were, the only right which the petitioner has, is to have his petition filed, and if the clerk fails to file it properly, he has his remedy in the superior court.

APPLICATION for a Writ of Mandamus originally made to the District Court of Appeal for the First Appellate District to direct a county clerk to file, number, and index a petition for probate of will.

The facts are stated in the opinion of the court.

Dozier & Dozier, and Theodore A. Bell, for Petitioner.

Edgar D. Peixotto, Leon Samuels, and J. R. Pringle, for Respondent.

THE COURT.—Application for a writ of mandate directing the respondent to file, number, and index a petition for the probate of the estate of Tobe Funkenstein, deceased, separately from a similar petition in the matter of the same estate theretofore filed and pending in the superior court of the city and county of San Francisco, of which respondent is clerk.

We are of the opinion that the clerk of the court is not invested with power to determine whether or not these two petitions for the probate of the estate of Funkenstein are identically the same, but even if he were, we are strongly impressed with the contention made by the respondent that the only right which the petitioner has is to have his petition filed, and if the clerk fails to file it properly, the petitioner then has his remedy in the superior court by an application there to have his paper filed, numbered, and indexed by the clerk as it ought to be. In short, no injury comes to him because his petition is filed and numbered with a similar pending petition, and the presumption is that the superior court will do what the law demands in the premises. It is conceded that the writ of mandate is issued by this court as a matter of discretion and not as of right, and in the present case there does not appear to be any injury suffered by the petitioner because of the action of the clerk. Moreover we are of the opinion that if the petitioner is entitled to the remedy prayed for, it may be plainly, speedily, and adequately had in the court below upon proper application and showing made there.

For these reasons the writ is denied.