Broyles, C. J.
1. Where two defendants are jointly indicted and jointly tried, and make a joint motion for a new trial, a joint writ of error to review the judgment overruling the motion can properly be sued out. Harnage v. State, 7 Ga. App. 573 (2) (67 S. E. 694); Walden v. State, 9 Ga. App. 584 (1) (71 S. E. 945).
(a) Where, however, two defendants, after being jointly indicted and jointly tried, make separate motions -for a new trial, and the court passes separate written orders overruling the motions, the defendants cannot bring their cases to this court in one bill of exceptions. This is true because, while the defendants had the right to unite and to make a joint motion for a new trial, they warned this right and elected to make separate motions, and, the court having separately passed upon each jnotion, the two distinct and separate judgments, overruling the two distinct and separate motions for a new trial, cannot be reviewed in one bill of exceptions. It follows that this co'urt is without jurisdiction to entertain the bill of exceptions in this case, and that the motion of the State to dismiss the writ of error must be granted.
(6j The decision in the case of Powell v. State, 152 Ga. 81 (108 S. E. 464), does not conflict with the ruling made in this case, for in that case no motion for a new trial -was filed, but the defendants joined in a direct bill of exceptions to the judgment finding them in contempt of ■ court. There was no waiver of their rights in that case.

Writ of error dismissed.

Luke and Bloodworih, JJ., concur.