[Crim. No. 1539. Second Appellate District, Division Two.—
April 3, 1928.]

THE PEOPLE, Appellant, v. J. M. KUDER et al.,
Respondents.

U. S. Webb, Attorney-General and John L. Flynn, Deputy Attorney-General, for Appellant.

Arthur L. Vietch, Estudillo & Schwinn, P. N. McCloskey, William Guthrie and R. E. Hodge for Respondents.

J. M. Friedlander, Corporation Commissioner, H. A. I. Wolch, Assistant Corporation Commissioner, and Vernon S. Gray, Deputy Corporation Commissioner, *Amici Curiae.*

CRAIG, J.—The five defendants and respondents herein were jointly indicted, tried by a jury and convicted of an alleged violation of the 'Corporate Securities Act. (Stats. 1917, p. 673.) The verdict was returned on June 24, 1927, that: "We, the jury in the above entitled action, find the defendants guilty as charged in the indictment." The trial court fixed June 29, 1927, as the date for sentence. On June 24, after the rendition of the verdict, the defendant E. B. Fishel filed a motion in arrest of judgment. Thereafter, and on June 29th, Luke, Kuder, and Bedford filed motions to vacate the verdict and for a new trial, and each of the Fishels filed motions for a new trial; on the date last mentioned Kuder, Bedford, and Luke filed motions in arrest of judgment, and on July 1st U. R. Fishel filed a motion in arrest of judgment, at which time all the motions were

presented and argued by counsel for the respective defendants. Thereupon a recess was taken until 2 o'clock P. M. of the same day, and the transcript of the clerk of the trial court recites the following order as having been then made:

"This being the time heretofore continued to for the further hearing on motions for new trials, motions for arrest of judgment and for pronouncing judgment, the defendants are present with their counsel and the District Attorney is also present.

"Motions for arrest of judgment of each and all defendants herein are granted on the ground that the indictment does not state facts sufficient to constitute a public offense."

The motions to set aside the verdict and for a new trial were not acted upon. The district attorney announced at the time of the trial court's ruling: "We give notice at this time of appeal, to save our rights."

Entry was made in the clerk's minutes that: "The district attorney gives notice of appeal."

Thereafter and on July 6, 1927, the district attorney filed the following notice in writing:

"Written Notice of Appeal by the Plaintiff from an Order Granting Defendant's Motion in Arrest of Judgment.

"Supplementing the oral notice of appeal given and made in open court on the first day of July, 1927, by Geo. H. Johnson, District Attorney in and for the County of San Bernardino, State of California, for and on behalf of The People of the State of California, at the time of the granting of defendant's motion in arrest of judgment, written notice is hereby given by The People of the State of California that they appeal to the District Court of Appeal of the State of California, Second Appellate District, from an order granting defendants' motion in arrest of judgment, made and entered on the first day of July, 1927."

On the same date a "Statement of Grounds of Appeal, and Application under Section 1247 of the Penal Code of the State of California," was filed, specifying as "general grounds": "That the court erred in making an order granting defendants' motion in arrest of judgment." The statement and application further reads as follows:

"The People of the State of California designate that in order to properly present their appeal, it will be necessary to have all of the phonographic reporters' notes transcribed

covering the entire proceedings of the trial, together with all records and documents filed in said cause, and the Clerk's transcript, as required by the Penal Code of the State of California; and plaintiff hereby requests that an order of the Court be made accordingly."

Subsequently, and within the statutory time therefor, a transcript was filed, and the appellant served and filed its opening brief.

The respondents Fishel, Luke, and Bedford each now present separate motions in this court, wherein the respondent Kuder joins by stipulation, that the plaintiff's appeal be dismissed, and they assert as grounds for such dismissal that: (1) The purported notice of appeal did not specify or refer to the order or judgment from which appeal was taken; (2) But one notice of appeal was given, and but one transcript, and one brief filed in a matter involving five purported appeals, from five separate and distinct orders; (3) The notice does not meet the requirements of section 1247 of the Penal Code, fails to state in general terms or at all the grounds of appeal or points upon which appellant relies, and does not constitute a legal notice of appeal.

The principal ground upon which these motions are based is, as succinctly stated on behalf of the respondent Fishels, that: "The conclusive interpretation of the action of the trial judge is that five orders were made. It must be conceded that, five separate motions being made, each motion should be taken care of by a separate order. This was the duty of the trial judge. In support of the judgment of the trial court, the presumption of regularity must be indulged in, and this being so, we must presume that the trial judge did his duty in making one order for each of the motions." It is insisted that since a single appeal is insufficient to obtain a review of separate causes, tried together, where separate judgments have been rendered, separate transcripts should be filed, and distinct appeals prosecuted. An apt illustration of the respondents' theory is presented by the case of *Washington* v. *State*, 32 Ga. App. 72 [122 S. E. 629], wherein is was said that "the court having separately passed upon each motion, the two distinct and separate judgments overruling the two distinct and separate motions for a new trial cannot be reviewed in one

bill of exceptions. The cited case, it is argued, "is on all fours" with the instant one. We are unable to agree with the respondents' asserted analogy between several individual orders or judgments, based upon separate trials or motions, arising from consolidated cases, which was the situation in the case of *Washington* v. *State, supra,* and that of a single order, granting an arrest of judgment to five defendants, jointly indicted and convicted of a united and concerted violation of law, in one transaction, although represented by different counsel, as the record here shows the proceeding to have been presented, conducted, and concluded.

The indictment in this case charged that the five named defendants were accused of the crime of a violation of the Corporate Securities Act, a felony, in that they did on or about the thirtieth day of September, 1925, wilfully, unlawfully, knowingly, fraudulently, and feloniously authorize and direct and aid in the issue and sale of, and cause and assist in causing to be issued, executed and sold, certain stock certificates and securities, contrary to the form, force, and effect of the statute in such cases made and provided. They were tried together upon the foregoing indictment, and were convicted by the same jury, in one verdict. Individual notices of motion in arrest of judgment were served and filed on behalf of each defendant, by his respective counsel but all were in substantially identical language, seeking the same result, and the arguments of defendants' various counsel were presented simultaneously. The trial court, as we have observed, made its order granting the "motion in arrest of judgment," as appears by the transcript of the official reporter.

We think the opinion in *State* v. *Boylston,* 138 La. 21 [69 South. 860], is clearly applicable to the facts of the instant case. There, three indictments were returned, to which exceptions were taken by three motions to quash; the same questions of law were presented in the three cases, and although not consolidated, they were argued together, and the trial court by one opinion and decree granted the motion in each case. In denying motions to dismiss an appeal from such order upon the ground that there should have been three separate orders and appeals therefrom, the supreme court of Louisiana said:

"It is evident, therefore, that, as the opinion and decree were identified, by title and number, with, and were intended to apply to, the three cases which had been argued together, and in which the same motion to quash had been sustained, so the motion and order of appeal, similarly identified, were intended to be applied to the opinion in its relation to the three cases, respectively; and, as defendant does not, and cannot, well deny the application of the decree to each of the cases, he cannot be heard to deny the application of the motion and order of appeal to the decree, as so applied to the cases. . . . We do not consider, however, that there was any greater irregularity in deciding and appealing the cases, as was done, than there was in arguing them together, since the convenience of the litigants was equally subserved, and the cases no more lost their respective identities in one instance than in the other."

But one case, presented under one indictment, and in which a single verdict was rendered, constituted the basis of the question before the trial court, to wit, as to whether or not the indictment stated facts sufficient to constitute a public offense. This being so, it is inconceivable that the mere presentation of that question by each defendant individually could any more convert the prosecution and conviction into five separate cases than would the fact that each defendant individually pleaded "not guilty" to the indictment. And especially is this emphasized by the record herein, which discloses that certain defendants requested and were denied a severance, and that thereafter all counsel agreed that "all motions made, and all evidence introduced, either orally or documentary, and all evidence offered, shall be deemed to have been made and offered by and on behalf of each and all of the defendants, unless the contrary appears." ▮ Conceding merely for the sake of argument that each of the defendants would have been entitled upon request to an individual verdict, and a separate ruling upon each motion filed, no such request was made, no objection was interposed to the action of the trial court in sustaining their contention by a single order, and they do not attempt to assert that the verdict or order as entered was prejudicial. Hence, respondents cannot now complain of the treatment of their motions below, nor of the appeal there-

from, as being one proceeding. (*People* v. *Gayle,* 202 Cal. 159 [259 Pac. 750].)

The argument that the notice of appeal was insufficient is equally without merit. Counsel for the People announced in open court at the conclusion of the ruling: "We give notice at this time of appeal, to save our rights." Thereafter notice in writing was served and filed, that the People of the State of California appealed "from an order granting defendants' motion in arrest of judgment." But one order having been made, and the district attorney having appeared on behalf of the People, there can be no doubt as to the identity of the order from which an appeal was taken, nor as to the party appealing. The entry made by the clerk of the court recited that: "The district attorney gives notice of appeal." It is contended that this falls far short of the statutory entry under section 1241 of the Penal Code, which requires that, "Any announcement of appeal made in open court by either the defendant or the people, must be by the clerk immediately entered in the minutes of the court." It is to be observed, however, that the section mentioned contains the further provision: "But the failure of the clerk to so enter the same in the minutes shall *in no way affect* or invalidate the appeal." The phonographic transcript, as heretofore stated, discloses that the district attorney, as counsel for the People, announced that "We give notice at this time of appeal, to save our rights," which can bear no other construction that the People of the State of California appealed from the order then made by the trial court. It is true that the brief notation of the court clerk consisted of the mere *fact* that counsel for the People announced that he appealed, but the transcript of the county clerk also contains the further notice in writing, and it appears that the appeal was perfected, and that respondents appeared and filed briefs therein. It has uniformly been held that ordinarily the clerk of a court is but a ministerial officer, and is clothed with no judicial powers (5 R. C. L., p. 626; *Wolf* v. *Mulcrevy,* 35 Cal. App. 80 [169 Pac. 259]; *Rose* v. *Lelande,* 20 Cal. App. 502 [129 Pac. 599]), whereas the certified report of the official reporter is *prima facie* evidence of the proceedings reported by him. (Code Civ. Proc., sec. 273.) The authorities cited by respondents involved cases wherein the certified record of the

*county clerk* contained defective entries which prejudicially affected the rights of parties to appeals, and it was held that the injured party was entitled upon motion in the trial court to have the record so amended as to speak the truth. We cannot say, therefore, that in the face of the official stenographic record, an incomplete minute notation by the court clerk should be permitted to prejudice the parties' legal rights, when it is expressly provided by statute that the absence of any entry by him shall not have such effect.

It is also contended that the notice of appeal is insufficient in that the grounds of appeal are not specified. As already observed, the trial court granted the motion in arrest of judgment upon the sole ground that the indictment did not state a public offense, and the appeal was specifically based upon the ground that "the court erred in making an order granting defendants' motion in arrest of judgment." It requires no exertion of more than ordinary reasoning to conclude from this as the People had specified the only ground which was available, or in fact, existent, the appeal was founded upon the contention that the court had erred in ruling that the indictment did not state a public offense. Further, respondents do not attempt to assert that they were, or could have been, misled thereby.

The motion to dismiss the appeal is denied.

Works, P. J., and Thompson, J., concurred.