[S. F. No. 16827.   In Bank.   Feb. 19, 1943.]

BABETTE M. TREDE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation) et al., Interveners.

Athearn, Chandler & Farmer and Philip H. Angell for Petitioner.

B. E. Ahlport, W. G. Harmon, Roy D. Reese and Bartley C. Crum for Respondent.

John L. Mace and Hanna & Morton for Interveners.

EDMONDS, J.—The assets of Pacific States Savings and Loan Company are under the control of the Building and Loan Commissioner. He took possession of them pursuant to the authority given by section 13.11 of the Building and Loan Association Act (Stats. 1931, p. 483, as amended, Deering's Gen. Laws, Act 986). Thereafter, the company, following the procedure specified in section 13.12 of the act, petitioned the superior court to enjoin further proceedings and direct him to surrender its business and property. The decision was in favor of the commissioner and the company's appeal from the judgment is pending and undetermined.

Under the provisions of the Building and Loan Association Act, *supra,* an appeal from a judgment dismissing the application of an association for the return of its business and assets after the commissioner has taken possession of them "shall not operate as a stay thereof but the court ren-

dering such judgment may, in its discretion, enjoin the commissioner, pending the appeal, from further proceedings and direct him, pending the appeal, to surrender such business, property and assets to such association, provided a bond shall be given as required by section 943 of the Code of Civil Procedure.'' (Sec. 13.12.) No order restricting the commissioner's action pending appeal has been made by the superior court, and he is proceeding to liquidate the Pacific States' assets. In accordance with that purpose, he presented to the respondent court a petition for an order authorizing him to sell certain improved real property owned by the company. To this petition Babette M. Trede, who is the owner and holder of a full paid investment certificate issued by Pacific States, filed objections which the court overruled. Later the petition was set for hearing. Miss Trede then brought the matter to this court, and an alternative writ issued directing the respondent to show cause why it should not be prohibited from hearing and determining the application. Subsequently the company and State Guaranty Corporation, the owner and holder of all of its outstanding capital stock, filed their petition in intervention praying that the alternative writ be made permanent.

Invoking the rule that prohibition is a proper remedy to arrest the proceedings of a court acting in excess of its jurisdiction, the petitioner and the interveners advance two main contentions. First, they say, the Building and Loan Association Act, *supra,* does not authorize the commissioner to liquidate the assets of a building and loan association pending the determination of the appeal from a judgment dismissing its application to enjoin further proceedings by him and to secure the return of its property. But if the act authorizes liquidation before final judgment, their argument continues, it is, in that respect, unconstitutional, being an unreasonable exercise of the police power.

The respondent asserts that neither of these contentions is well taken. It takes the position that the statute under which the commissioner is acting expressly confers jurisdiction upon the superior court to authorize the liquidation of an association pending the determination of an appeal, and that the legislation is a reasonable exercise of the police power. Since the appellant has already had a judicial review in the trial court, it contends, a statute prohibiting further restraint

upon the process of liquidation is entirely reasonable and necessary for the protection of the association's creditors.

The petitioner and the interveners assert that the process of liquidation is the final step to be taken by the commissioner in administering the affairs of an association and may only be undertaken after a final determination that he properly exercised his statutory authority. Otherwise, they say, if the appellate court determines that his action in taking possession was unjustified and the ruling of the trial judge erroneous, by a sale of all of the association's assets prior to such final determination, the decision becomes a Pyrrhic victory.

The powers of the commissioner are enumerated in section 13.13 of the act. " . . . Upon taking such possession, the commissioner shall have authority to collect all moneys due to such association and to give full receipt therefor, and to do such other acts as are necessary or expedient to collect, conserve or protect its business, property and assets. Unless the commissioner shall be enjoined from further proceedings and directed to surrender such business, property and assets or unless such association shall with the consent of the commissioner resume business, then the commissioner shall proceed to liquidate the affairs of such association as hereinafter provided." Certain other powers are granted to him "regardless of whether or not he shall be liquidating the affairs of such association." (Sec. 13.13.)

Building and loan associations are creatures of statute, and the authority to regulate and supervise their operations arises under the police power because of the public interest of their business. It is important that investors in and creditors of such institutions not only have the benefit of strict supervision of their activities, but also that, in the event of financial instability, there be adequate authority for the state to step in and administer their affairs in the interests of all concerned. The Building and Loan Association Act, *supra,* constitutes a legislative declaration of policy to the effect that the protection of investments in building and loan associations is a special subject of care by the state (*Richardson* v. *Superior Court,* 138 Cal.App. 389, 394 [32 P.2d 405]), and the statute is designed to accomplish, as an important and beneficial public service, the liquidation of insolvent associations in the interest of creditors and claim-

ants (*Wilson* v. *Superior Court,* 2 Cal.2d 632, 637 [43 P.2d 286]).

The powers of the commissioner are broadly stated in the regulatory statute. Although he may take summary possession of an association, it has the right to challenge his action by a judicial proceeding in which it may present evidence tending to show that it is qualified to continue in business. Pending the decision in such a proceeding, his authority is administrative for the purpose of conserving the assets of the institution in his charge. But upon a determination in his favor of the proceeding brought by the association to oust him from control, unless he consents that it may resume business, he shall proceed to liquidate its assets, and an appeal from the judgment "shall not operate as a stay thereof, but the court . . . may, in its discretion, enjoin the commissioner, pending the appeal, from further proceedings and direct him, pending the appeal, to surrender such business, property and assets to such association, provided a bond shall be given as required by section 943 of the Code of Civil Procedure." (Sec. 13.12.)

There is no constitutional right to an appeal; the appellate procedure is entirely statutory and subject to complete legislative control. A corollary of this rule is that the Legislature may impose any condition or restriction upon the granting of a stay of execution pending an appeal. (*United States* v. *Berg,* 202 Cal. 10 [258 P. 942]; *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]; *Foster* v. *Superior Court,* 115 Cal. 279 [47 P. 58].) In the Building and Loan Association Act, *supra,* the state has not authorized the commissioner to liquidate the assets of an association without an opportunity to review his determination concerning the institution's solvency of its failure to comply with particular statutory requirements. It has provided that the commissioner's action in taking possession of an association may be reviewed upon an application filed in the superior court to enjoin further proceedings (sec. 13.12). As an incident of such a suit, the right of the commissioner to liquidate the association's assets is delayed until there has been a determination of the issues concerning solvency or compliance with statutory requirements. But upon a decision adverse to the association, an appeal does not stay the authority of the commissioner to liquidate the assets, if he concludes that the institution

is not in condition to continue doing business. Doubtless the Legislature considered that the right of the superior court to stay proceedings in particular cases, together with the restrictions upon the authority of the commissioner which are specified in section 13.16 of the Building and Loan Association Act, *supra,* sufficiently protects the rights of an association and allows payments to investors and creditors at a reasonably early date.

The petitioner relies upon section 13.13 of the Building and Loan Association Act, *supra,* as compelling a contrary conclusion. By the terms of that section, "Unless the commissioner shall be enjoined from further proceedings and directed to surrender such business, property and assets or unless such association shall with the consent of the commissioner resume business, then the commissioner shall proceed to liquidate the affairs of such association as hereinafter provided." The petitioner emphasizes the importance of the word "then" as indicating a legislative intention that the process of liquidation should be delayed until after a final determination upon appeal of the suit brought by the association.

Such a construction ignores the specific provisions of the preceding section fixing conditions concerning stay of proceedings. The two sections, read together, authorize the Commissioner, if he does not surrender possession of the association's business and assets, to commence liquidation upon a decision of the trial court in his favor with no order staying his action. Also, the procedure accords with the rule applicable in civil actions generally, that an appeal from a decree denying an injunction or dissolving a preliminary injunction does not require the defendant to refrain from doing the act of which the plaintiff complains. (*Boggs* v. *North American Bond & Mortgage Co.,* 6 Cal.2d 523 [58 P.2d 918]; *Pasadena* v. *Superior Court,* 157 Cal. 781 [109 P. 620, 21 Ann.Cas. 1355]; *Hicks* v. *Michael,* 15 Cal. 107.)

The alternative writ of prohibition is discharged and a peremptory writ is denied.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., Traynor, J., and Spence, J. pro tem., concurred.

Interveners' petition for a rehearing was denied March 18, 1943.