78 Cal.Rptr.2d 882 (1998)
67 Cal.App.4th 240
The PEOPLE, Plaintiff and Respondent,
v.
Jerry Carwell FUNCHES, Defendant and Appellant.
No. B123780.
Court of Appeal, Second District, Division Five.
October 15, 1998.
Rehearing Denied October 28, 1998.
Review Denied January 27, 1999.
Jerry Carwell Funches, in propria persona, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, William T. Harter, Supervising Deputy Attorney General, and Karen Moran O'Keeffe, Deputy Attorney General, for Plaintiff and Respondent.
TURNER, Presiding Justice.
Defendant, Jerry Carwell Funches, purports to appeal from a judgment imposed on January 28, 1985. The notice of appeal was not filed until June 4, 1998. We issued an order to show cause concerning potential dismissal of the appeal because of its apparent untimeliness. (Jennings v. Marralle (1994) 8 Cal.4th 121, 126, 32 Cal.Rptr.2d 275, 876 P.2d 1074; Olson v. Cory (1983) 35 Cal.3d 390, 398, 197 Cal.Rptr. 843, 673 P.2d 720.) We set the matter for oral argument and now dismiss the appeal.
Subject to certain narrow constitutional limitations, there is no right to appeal. (Lindsey v. Normet (1972) 405 U.S. 56, 77, 92 S.Ct. 862, 31 L.Ed.2d 36; Trede v. Superior Court (1943) 21 Cal.2d 630, 634, 134 P.2d 745.) The California Supreme Court has repeatedly held that the right to appeal is wholly statutory. (People v. Chi Ko Wong (1976) 18 Cal.3d 698, 709, 135 Cal.Rptr. 392, 557 P.2d 976 disapproved on another point in People v. Green (1980) 27 Cal.3d 1, 33-34, 164 Cal.Rptr. 1, 609 P.2d 468 ["a judgment or order is not appealable unless expressly made so by statute"]; Skaff v. Small Claims Court (1968) 68 Cal.2d 76, 78, 65 Cal.Rptr. 65, 435 P.2d 825 ["a party possesses no right of appeal except as provided by statute"]; People v. Keener (1961) 55 Cal.2d 714, 720, 12 Cal.Rptr. 859, 361 P.2d 587, disapproved on another point in People v. Butler (1966) 64 Cal.2d 842, 844, 52 Cal.Rptr. 4, 415 P.2d 819, ["an order is not appealable unless declared *883 to be so by the Constitution or by statute"]; People v. Valenti (1957) 49 Cal.2d 199, 204, 316 P.2d 633 disapproved on another point in People v. Sidener (1962) 58 Cal.2d 645, 647, 25 Cal.Rptr. 697, 375 P.2d 641 ["the right of appeal is statutory and a judgment ... is not appealable unless it is expressly made so by statute"]; Modern Barber Col. v. Cal. Emp. Stab. Com. (1948) 31 Cal.2d 720, 728, 192 P.2d 916 ["the Legislature has the power to declare by statute what orders are appealable, and, unless a statute does so declare, the order is not appealable"]; Trede v. Superior Court, supra, 21 Cal.2d at p. 634, 134 P.2d 745 [there being no constitutional right of appeal: "the appellate procedure is entirely statutory and subject to complete legislative control"]; Superior Wheeler C. Corp. v. Superior Court (1928) 203 Cal. 384, 386, 264 P. 488 ["right of appeal is statutory and may be granted or withheld"].) Accordingly, there being no constitutional issue raised by the dismissal motion, the question before us is entirely statutory. In addition to statute, the scope of the right to appeal is defined by the court rules. Article VI, section 6 of the California Constitution[1] is the constitutional basis for the Judicial Council to adopt court rules restricting the right to appeal. Further, Penal Code section 1239, subdivision (a)[2] provides a statutory basis for the Judicial Council to adopt rules concerning the right to appeal in criminal cases.
Rule 31(a) of the California Rules of Court[3] states: "In the cases provided by law, an appeal is taken by filing a written notice of appeal with the clerk of the superior court within 60 days after the rendition of the judgment or the making of the order." As noted previously, in the present case, the judgment was entered on January 28, 1985, but the notice of appeal was not filed until June 4, 1998. It was the duty of the superior court clerk not to file the notice of appeal nor process the record in this case. Rule 31(a) states in relevant part, "Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it `Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed." Rule 31(a) controls a superior court clerk's powers in terms of filing the notice of appeal. The act of filing a timely notice of appeal is a ministerial duty of the superior court clerk. (Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc. (1997) 15 Cal.4th 51, 55, fn. 1, 61 Cal.Rptr.2d 166, 931 P.2d 344.) However, the superior court clerk has no power to disregard the limitations on her or his power imposed by the California Rules of Court. (E.g. Isbell v. County of Sonoma (1978) 21 Cal.3d 61, 71, 145 Cal.Rptr. 368, 577 P.2d 188 [clerk has no statutory or other power to reject a confession of judgment]; Lane v. Pellissier (1929) 208 Cal. 590, 592, 283 P. 810 [clerk must strictly abide by the statutory requirements for entry of judgment]; Crossman v. Vivienda Water Co. (1902) 136 Cal. 571, 575, 69 P. 220 [county clerk has no power to enter a default judgment beyond that allowable by law].) The late Bernard Witkin, in his typically sage, accurate, and thoroughly succinct fashion, summarized the duties of the superior court clerk as follows: "The familiar declaration that the clerk has purely ministerial functions does not mean that his duties are confined to such clerical tasks as accepting papers for filing and keeping records. Many of his acts are judicial in the sense that they determine the rights of parties to the litigation; e.g., the entry of a judgment or order, default or dismissal. The significance of the `ministerial' label is that the clerk has no power to decide questions of law nor any discretion in performing those judicial duties; *884 he must act in strict conformity with statutes, rules, or orders of the court." (2 Witkin, Cal. Procedure (4th ed. 1996) Courts, § 370, pp. 442-443.)
In the present case, rule 31(a) makes it clear; if the notice of appeal was presented more than 60 days after it was filed, the strict duty imposed by law on the superior court clerk was to mark it "Received (date) but not filed." The superior court clerk in the present case should not have filed the notice of appeal nor prepared a record. The only proper course of action was to mark the notice of appeal as required by rule 31(a) and notify defendant that the document was received but not filed. The notice of appeal was filed 13 years, 4 months and 10 days after the judgment was imposed. The present case involves the most untimely notice of appeal in California history. It should not have been filed.
The more difficult problem may arise when the superior court clerk is confronted with a potentially timely notice of appeal but there is some uncertainty as to the legal effect of various events. The most prevalent such situation occurs when a notice of appeal is mailed from prison. An exception to rule 31(a) is found in rule 31(e)[4] where the clerk must file a notice of appeal mailed from prison if "if an examination of the envelope in which it was mailed clearly demonstrates that it was mailed or delivered to custodial officials for mailing within the time prescribed by subdivision (a)...." A superior court clerk may have some question as to whether "an examination of the envelope in which [the notice of appeal] was mailed clearly demonstrates that it was mailed or delivered to custodial officials" (rule 31(e)) within the 60-day time period set forth in rule 31(a). The superior court clerk is certainly free to consult with an appropriate judge or other judicial officer in attempting to resolve such a question. However, ultimately the clerk has the responsibility to decide whether to file the notice of appeal or mark it as untimely utilizing the language specified in rule 31(a) and notify the defendant. That decision may then be subject to judicial review at the request of either the prosecution or the defense. (E.g. In re Jordan (1992) 4 Cal.4th 116, 122, 13 Cal.Rptr.2d 878, 840 P.2d 983 [defendant's habeas corpus petition]; People v. Riser (1956) 47 Cal.2d 594, 595-596, 305 P.2d 18 [prosecutorial motion to dismiss on appeal]; Wolf v. Mulcrevy (1917) 35 Cal. App. 80, 81, 169 P. 259 [party can file an application in trial court to compel clerk to file a document].)
ARMSTRONG and GODOY PEREZ, JJ., concur.
The appeal is dismissed.
NOTES
[1] Article VI, section 6 of the California Constitution states: "To improve the administration of justice the council shall survey judicial business and make recommendations to the courts, make recommendations annually to the Governor and Legislature, adopt rules for court administration, practice and procedure and perform other functions prescribed by statute. The rules adopted shall not be inconsistent with statute."
[2] Section 1239, subdivision (a) states, "Where an appeal lies on behalf of the defendant or the people, it may be taken by the defendant or his or her counsel, or by counsel for the people, in the manner provided in rules adopted by the Judicial Council."
[3] All future references to a rule are to the California Rules of Court.
[4] Rule 31(e) states in its entirety: "(e) [Receipt by mail from custodial institution] If a notice of appeal is received by mail from a custodial institution after the time within which it may be filed under subdivision (a), [¶] (1) the envelope in which it was received shall be retained by the clerk of the trial court and made part of the case file; and [¶] (2) if an examination of the envelope in which it was mailed clearly demonstrates that it was mailed or delivered to custodial officials for mailing within the time prescribed by subdivision (a), the notice shall be deemed timely and shall be filed, notwithstanding subdivision (a). [¶] This subdivision is intended to enlarge the authority of the clerk to file a notice of appeal under the stated circumstances. It is not intended to limit the appeal rights of the defendant under the `prison-delivery rule,' as stated in In re Jordan (1992) 4 Cal.4th 116 [13 Cal.Rptr.2d 878, 840 P.2d 983], or under other applicable case law."