Filed 10/27/20  Ulmschneider v. Stockton Unified School Dist. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| CHARLES E. ULMSCHNEIDER, | C089601 |
| Plaintiff and Appellant, | (Super. Ct. No. STK-CV-UCR-2016-0006366) |
| v. | |
| STOCKTON UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

Plaintiff Charles E. Ulmschneider (plaintiff) appeals from the dismissal of his action against defendant, the Stockton Unified School District (District), after the trial court sustained demurrers to his first and second amended complaints.  Although plaintiff invites this court to conduct a sweeping de novo review of the clerk's transcript and judgment in search of error, we decline to do so.  Instead, we limit our discussion to the two specific claims of error that were presented under separate headings and supported by argument and authority, namely, (1) whether the court clerk erred in denying

1

plaintiff's request for entry of default, and (2) whether the trial court erred in sustaining the District's demurrer to each cause of action in plaintiff's first amended complaint. We dismiss the appeal of the clerk's denial of the request for entry of default as nonappealable, and otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an experienced, fully credentialed teacher and former employee of the District. The District hired him in the summer of 2013 to teach Spanish at a District-sponsored charter high school during the 2013-2014 school year. Things did not go well. Although plaintiff had held a teaching credential for more than 20 years and had prior experience teaching Spanish in the same grade level, plaintiff received poor performance evaluations throughout his one-year employment with the District. At the end of his contract, the District gave plaintiff an "unsatisfactory" final evaluation and recommended him for a remedial peer assistance review (PAR) program. The District did not renew his contract or offer him a further teaching assignment.

In August 2014, plaintiff filed a complaint against the charter school with the Department of Fair Employment and Housing (DFEH) alleging age discrimination and retaliation under the Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) (FEHA).[1] Specifically, the DFEH complaint alleged: "On or around [June] 30, 2014, . . . [the charter school] took the following adverse actions against [plaintiff]: Discrimination[.] Denied a work environment free of discrimination and/or retaliation[.] Terminated. [Plaintiff] believes [the charter school] committed these actions because of [his]: Age – 40 and over[;] Engagement in Protected Activity." In August 2015, the DFEH closed the case after an investigation due to insufficient evidence and issued a right-to-sue notice.

---

[1] The complaint was dual filed with the federal Equal Employment Opportunity Commission.

2

On June 30, 2016, plaintiff, proceeding in propria persona, filed a complaint against the District and its superintendent in the superior court.  The complaint alleged the following causes of action:  harassment in violation of the FEHA; retaliation in violation of Education Code sections 44110 through 44114; retaliation in violation of Education Code sections 200 through 283; retaliation in violation of the FEHA; age discrimination in violation of the FEHA; intentional infliction of emotional distress; and breach of the implied covenant of good faith and fair dealing.

In support of his claims, plaintiff alleged that while he was employed by the District, he was subjected to unreasonably harsh and negative performance reviews that were intended to torment, harass, and demoralize him, ostensibly because of his age and/or in retaliation for him filing a civil rights suit against another school district (the Los Baños Unified School District) several years earlier.[2]  Plaintiff alleged that the negative evaluations of his teaching and the recommendation that he participate in the PAR program amounted to " 'psychological water boarding,' " which caused him to suffer permanent psychological and emotional harm.  Plaintiff, who was over 40 years old at the time of his employment, further alleged that the defendants made derogatory and discriminatory comments to him about his age, such as, " 'You've been around,' " " 'You're not new at this,' " and similar comments.

On July 20, 2016, plaintiff filed a proof of service of summons and complaint, stating that a registered process server attempted to serve the complaint by leaving a copy of the complaint with an unidentified receptionist and thereafter mailing a copy of the summons and complaint addressed to the District.  On January 26, 2017, counsel for the

---

[2]    After the close of briefing on appeal, plaintiff filed a request for judicial notice of documents related to his federal civil rights lawsuit against the Los Baños Unified School District.  We deny the request for want of relevance.

District sent plaintiff a letter stating that the attempted service of the complaint was defective.

On March 26, 2018, plaintiff filed a first amended complaint (FAC). The allegations of the FAC are substantially the same as the original complaint except that the FAC removed the superintendent as a defendant.

The FAC was served on the District on or about April 17, 2018. (Code Civ. Proc., § 415.20, subd. (a) [service deemed complete on 10th day after mailing].)[3] The District subsequently filed a declaration under sections 430.41, subdivision (a)(2), and 435.5, subdivision (a)(2), which automatically extended by 30 days the date to file a responsive pleading.

*Plaintiff's requests for entry of default*

On April 6, 2018, after the FAC was filed but before service was complete, plaintiff filed a request for entry of default on the original complaint. The court clerk refused to enter the requested default because, among other reasons, it was missing an original signature and the original complaint had been superseded by the filing of the FAC.

On May 15, 2018, plaintiff again requested entry of default on the original complaint, this time via an "ex parte request for entry of default." Unlike the prior request for entry of default, the May 15 request did not use the mandatory forms. (Cal. Rules of Court, rule 1.31.) The clerk notified plaintiff that he needed to resubmit his request for default using the mandatory forms. Plaintiff never did so.

*The demurrer and motion to strike the FAC*

On June 4, 2018, the District filed a demurrer to each cause of action in the FAC as well as a motion to strike portions of the FAC. Plaintiff opposed the demurrer and the motion to strike. The trial court issued a tentative ruling sustaining the demurrer in full,

---

[3] Undesignated statutory references are to the Code of Civil Procedure.

4

granting plaintiff leave to amend two causes of action: retaliation in violation of the FEHA and age discrimination in violation of the FEHA. In the same tentative ruling, the court granted the motion to strike portions of the FAC. Neither party requested oral argument and the tentative ruling became the court's order. The court entered a formal order sustaining the demurrer and granting the motion to strike on October 24, 2018.

*The demurrer and motion to strike the SAC*

In November 2018, plaintiff filed a second amended complaint (SAC) containing amended causes of action for retaliation and age discrimination in violation of the FEHA, as well as a new cause of action for hostile work environment in violation of the FEHA.

The District demurred to the SAC. The District also moved to strike the hostile work environment cause of action on the ground it exceeded the scope of the court's order granting leave to amend. Plaintiff did not timely oppose the demurrer or motion to strike and the trial court issued a tentative ruling to grant the motion and sustain the demurrer without leave to amend. Neither party requested argument and the trial court affirmed its tentative ruling. The court eventually entered a formal order and judgment in favor of the District on April 25, 2019. Plaintiff timely filed a notice of appeal on May 30, 2019.

DISCUSSION

I

*Appellate Principles*

We begin our analysis by reiterating the well-established rules that apply when a party files an appeal. The most fundamental rule of appellate review is that an appealed judgment or order is presumed correct; the appellant has the burden to overcome that presumption and show reversible error. (*State Farm & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.) To satisfy her or his burden, " 'an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim.' " (*Flores v. Department of Corrections & Rehabilitation* (2014) 224

5

Cal.App.4th 199, 204; accord, *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106; *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)

It is the appellant's responsibility to support claims of error with reasoned argument and citations to authority. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656.) "The appellant may not simply incorporate by reference arguments made in papers filed in the trial court, rather than briefing them on appeal. [Citation.]" (*Ibid.*) The appellant must present each claimed error separately in the opening brief under an appropriate heading, showing the nature of the question to be presented and the point to be made. (*Ibid.*) Arguments that do not meet these pleading standards are deemed forfeited. (*Ibid.*; accord, *In re S.C.* (2006) 138 Cal.App.4th 396, 408; *Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1045, fn. 1.)

That plaintiff is self-represented does not change his burden on appeal. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) A party who chooses to represent himself on appeal is " 'to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Id.* at p. 1247.)

In the introductory sections of his opening brief, plaintiff lists 11 different issues and asks that we review each of them as well as the clerk's transcript and "the case in its entirety" for "possible" prejudicial error. We decline to do so. Instead, we shall limit our discussion to the two issues that are properly presented under separate headings and supported (somewhat) by legal argument and citations to authority,[4] namely, that (1) the court clerk erred in denying plaintiff's request for entry of default, and (2) the trial court

---

[4] See California Rules of Court, rule 8.204(a)(1): "Each brief must: [¶] . . . [¶] (B) State each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority; and [¶] (C) Support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."

erroneously sustained the demurrer to plaintiff's FAC. All other claims are deemed forfeited.

## II

### *Requests for Entry of Default*

Plaintiff argues that the trial court erred by denying his requests to enter the District's default. Plaintiff contends that he filed the original complaint in June 2016 and, as of April 2018, the District still had not responded to it. Thus, plaintiff argues, the clerk improperly refused to enter the District's default on that complaint.

The District responds that the clerk's refusal to enter a default is not an appealable order and that even if it were appealable, the court clearly did not err in denying the request for default. We agree with both propositions.

The existence of an appealable judgment or order is a jurisdictional prerequisite to an appeal. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) Here, there is no appealable order denying the request for entry of default. (§ 904.1.) Thus, if the clerk's refusal to enter default is reviewable, it is only under section 906, as an "intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party . . . ." (§ 906.)

Courts have held that the question of whether a default was properly entered may be reviewed upon an appeal from a default judgment. (*Bristol Convalescent Hospital v. Stone* (1968) 258 Cal.App.2d 848, 859; *Pickerill v. Strain* (1925) 196 Cal. 683, 685; see also *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1136 [order denying relief from default reviewable on appeal from judgment].) But plaintiff cites no authority, and we are aware of none, recognizing a right to appeal *a clerk's denial* of a request for entry of default as an "intermediate ruling, proceeding, order or decision" reviewable on appeal from a final judgment.

We conclude that the denial of a request for entry of default by a court clerk is not appealable. Because a clerk's duty to enter a default under section 585 is ministerial (*Todd v. Everett* (1966) 247 Cal.App.2d 209, 211), we conclude that, in the absence of a court ruling, a petition for writ of mandate is the exclusive method of obtaining appellate review of a clerk's refusal to enter a default. (See *W. A. Rose Co. v. Municipal Court* (1960) 176 Cal.App.2d 67, 74 [writ may be issued by a court to a court officer to compel the performance of an act which the law specially enjoins]; *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 960 [no appeal lies from the mere entry of a default]; *Pazderka v. Caballeros Dimas Alang, Inc*. (1998) 62 Cal.App.4th 658, 667 [if the trial court has taken no action, appellate court has nothing to review]; *Wolf v. Mulcrevy* (1917) 35 Cal.App. 80, 81 [party can request trial court to compel clerk to file document]; see also *Reid v. Balter* (1993) 14 Cal.App.4th 1186, 1195-1196 [denying appellate relief because party failed to seek writ review of an order denying a motion to dismiss for failure to prosecute].) Because we conclude the clerk's refusal to enter the requested default is not appealable, we dismiss the appeal of that issue.

As noted earlier, after the clerk denied plaintiff's request for entry of default, plaintiff filed an "ex parte request for entry of default," asking the court to grant entry of default. This was treated as a renewed request for entry of default, but was never ruled upon by the court. However, even if we were to assume that the court erred by failing to rule on the ex parte request and that the error is appealable, plaintiff has failed to show the error was prejudicial, i.e., that it is reasonably probable a result more favorable to plaintiff would have been achieved in the absence of the alleged error. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.)

A party seeking to enter a default must comply with the statutory requirements and file proper proof of service. If a pleading has not been properly served, the clerk does not have the power to enter default. (*Woods v. Stallworth* (1960) 177 Cal.App.2d 517, 520; *Lewis v. Le Baron* (1967) 254 Cal.App.2d 270, 277; *Westport Oil Co. v. Garrison* (1971)

19 Cal.App.3d 974, 978.) Here, the record shows that plaintiff's original complaint was not properly served because it was not served upon "the clerk, secretary, president, presiding officer, or other head of [the District's] governing body." (§ 416.50, subd. (a); see also § 415.20.) Although plaintiff argues the District was "aware" the complaint had been filed, plaintiff makes no attempt to show the original complaint was served in accordance with the Code of Civil Procedure, essentially conceding that it was not.

Further, plaintiff never requested entry of default on the original complaint before filing and serving his FAC. As a result, plaintiff's request for entry of default was defective on its face; the operative complaint at the time plaintiff filed his request for entry of default (and ex parte request) was not the original complaint, but the FAC.[5] (*State Compensation Ins. Fund v. Superior Court* (2010) 184 Cal.App.4th 1124, 1131 [there can be only one operative complaint at a time]; see also *Tidwell v. Henricks* (1954) 124 Cal.App.2d 64, 66.)[6]

Under the Code of Civil Procedure, the time for responding to an amended pleading is computed from the date of service of the amended pleading. (§§ 472, 471.5; see also § 1010.) Service of the FAC was completed on or about April 17, 2018, and the District's time to respond subsequently was extended to June 16, 2018. The District timely filed its demurrer and motion to strike on June 4, 2018. As such, the District was not in default for failing to respond. It follows that any error by the court in failing to

---

**5** Plaintiff argues that because the allegations of the FAC were substantially the same as the original complaint, the allegations of the FAC related back to the date of filing of the original complaint for statute of limitations purposes. However, this is beside the point. The question is whether plaintiff was entitled to entry of default on the original complaint despite having filed a FAC. Plaintiff has not cited any authority—here or in the court below—to show that he was.

**6** Plaintiff also has failed to show that the clerk improperly refused entry of default because the form was missing an original signature.

9

rule on plaintiff's ex parte request for entry of default was harmless; the clerk properly refused to enter the requested default.

III

*Demurrer to FAC*

Plaintiff argues that the trial court improperly sustained the District's demurrer to each cause of action alleged in the FAC. We conclude that plaintiff has forfeited his right to challenge the sufficiency of two of the causes of action alleged in the FAC by choosing to amend those causes of action in the SAC. With regard to the other causes of action, we conclude that the trial court correctly sustained the demurrer.

A.      *Standard of review*

When a demurrer is sustained, we must determine de novo whether the complaint alleges facts sufficient to state a cause of action under any legal theory. (*Koszdin v. State Comp. Ins. Fund* (2010) 186 Cal.App.4th 480, 487.) We treat the demurrer as admitting all material facts properly pleaded in the complaint, but not contentions, deductions or conclusions of fact or law. (*Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 72.) We also consider matters which may be judicially noticed. (*Ibid.*) We review the correctness of the trial court's action in sustaining the demurrer, not the court's statement of reasons for its action. (*Ibid.*)

When a demurrer is sustained without leave to amend, we review the denial of leave to amend for abuse of discretion, which may be established if it is reasonably possible that the defects in a complaint can be cured by amendment. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) The burden is on the appellant to demonstrate the trial court erred in sustaining the demurrer or abused its discretion in denying leave to amend. (*Coutin v. Lucas* (1990) 220 Cal.App.3d 1016, 1020.)

B.      *Forfeiture*

The substantive arguments in plaintiff's opening brief are limited to the order sustaining the demurrer to his FAC. Apart from asking the court to conduct a de novo

10

review of the "case in its entirety," plaintiff does not challenge the order sustaining the demurrer to his SAC. Plaintiff's decision to focus his arguments exclusively on the demurrer to the FAC, ignoring the SAC, has consequences for the scope of our review.

As a general rule, an order sustaining a demurrer is not an appealable order. (*Sullivan v. City of Sacramento* (1987) 190 Cal.App.3d 1070, 1073, fn. 1.) The appeal must be taken from the ensuing judgment of dismissal. (*Ibid*.) Thus, when a demurrer to a cause of action is sustained with leave to amend, and the plaintiff chooses to amend that cause of action, any error in the sustaining of the demurrer is ordinarily forfeited. (*County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 312; accord, *National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group, Inc.* (2009) 171 Cal.App.4th 35, 44.) It is only when the plaintiff elects *not* to amend the cause of action—i.e., to stand on the validity of the cause of action as pleaded—that the sufficiency of such claim can be litigated on appeal. (*County of Santa Clara v. Atlantic Richfield Co., supra*, at p. 312.)

In the present case, the court sustained the demurrer to each cause of action alleged in the FAC, but granted plaintiff leave to amend the causes of action for age discrimination and retaliation in violation of the FEHA. Plaintiff subsequently filed his SAC, amending and realleging both causes of action. By doing so, plaintiff forfeited his right to challenge the legal sufficiency of those claims, as they are alleged in the FAC. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966, fn. 2.) Accordingly, we limit our discussion to the causes of action alleged in the FAC for which leave to amend was denied, namely, plaintiff's causes of action for harassment in violation of the FEHA; retaliation in violation of Education Code sections 44110 through 44114; retaliation in violation of Education Code sections 200 through 283; intentional infliction of emotional distress; and breach of the implied covenant of good faith and fair dealing.

11

C.  *The harassment claim*

The trial court sustained the demurrer to the cause of action for harassment in violation of the FEHA on the ground plaintiff failed to exhaust his administrative remedies.  Plaintiff contends the trial court erred in sustaining the demurrer to the harassment cause of action.  We find no error.

As a prerequisite to bringing a lawsuit for damages under the FEHA, the employee first must exhaust his or her administrative remedies by filing an administrative complaint and obtaining a right-to-sue notice from the DFEH.  (*Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1724.)  The exhaustion doctrine requires the complaining party to identify the alleged violations with sufficient specificity to permit the DFEH to investigate the claims.  (*Ibid.*; *Hobson v. Raychem Corp.* (1999) 73 Cal.App.4th 614, 630, disapproved on other grounds as stated in *Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019, 1031, fn. 6; Gov. Code, § 12960, subd. (c) [administrative complaint must set forth "particulars" of the alleged unlawful practice].)  If an employee fails to file an administrative complaint specifically identifying the alleged FEHA violations within one year, a subsequent lawsuit based on those alleged violations will be barred.[7]  (*Hobson, supra*, 73 Cal.App.4th at p. 631.)

Although both harassment and discrimination are unlawful employment practices under the FEHA, they are distinct wrongs.  (*Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 869-870.)  Plaintiff's administrative complaint was limited to

---

[7]    Although not argued in either party's brief, there is a narrow exception to this rule allowing an employee to seek judicial relief for claims not specifically listed in a DFEH administrative complaint if such claims are "like or reasonably related to" the claims made in the administrative complaint and likely to be discovered in the course of the DFEH's investigation.  (*Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1617.)  For the reasons discussed below, we conclude that plaintiff's administrative complaint of "discrimination" and "retaliation," without any supporting facts, was not sufficient to preserve a claim for "harassment."

12

allegations of age "discrimination" and "retaliation." The administrative complaint did not mention "harassment" or allege any harassing conduct. Thus, plaintiff failed to exhaust his administrative remedies for a claim based on harassment. (*Martin v. Lockheed Missiles & Space Co., supra*, 29 Cal.App.4th at p. 1728 [administrative complaint for age discrimination insufficient to support lawsuit for sexual harassment, sexual discrimination, and retaliation].) The trial court correctly sustained the demurrer to the harassment cause of action.

      D.     *The retaliation claims*

The second count in the FAC alleged causes of action for retaliation in violation of Education Code sections 44110 through 44114 and sections 200 through 283.[8] The trial court sustained the District's demurrer to these claims without leave to amend on the ground that plaintiff failed to timely present a claim under the Government Claims Act (Gov. Code, § 810 et seq.) (the Act). Plaintiff contends the trial court erred in sustaining the demurrer to the non-FEHA retaliation claims. We again find no error.

Under the Act, the filing of a lawsuit against a public entity such as the District is subject to certain conditions precedent. As relevant here, a plaintiff must timely present a claim for money or damages to the public entity as a prerequisite to filing an action on it.[9] (Gov. Code, §§ 905, 905.2, 911.2, 945.4; see also *Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 246.) Compliance with the claims presentation

---

[8]     The second count also alleged a cause of action for retaliation in violation of the FEHA. The trial court sustained the demurrer to that cause of action with leave to amend on the ground the FAC failed to allege facts showing he was subjected to an adverse employment action. As discussed above, plaintiff forfeited his right to challenge that ruling by filing the SAC.

[9]     Actions under the FEHA are not subject to the Act's claims presentation requirements. (*Garcia v. Los Angeles Unified School Dist.* (1985) 173 Cal.App.3d 701, 711.)

requirement is mandatory and " 'must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim.' " (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738; *Gong v. City of Rosemead* (2014) 226 Cal.App.4th 363, 374 (*Gong*).)  The failure to timely present a claim to the public entity bars the claimant from filing a lawsuit against that entity.  (*Gong, supra*, at p. 374.)

Because presentation of a claim is a condition precedent to filing suit (Gov. Code, § 945.4), a cause of action that is subject to the statutory claims procedure must allege either that the plaintiff complied with the claims presentation requirement, or that a recognized exception or excuse for noncompliance exists.  (*Gong, supra*, 226 Cal.App.4th at p. 374; *State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1242-1243.)  If a plaintiff fails to do so, the complaint is subject to demurrer for not stating facts sufficient to constitute a cause of action.  (*Gong*, at p. 374; see also *Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1120 [public policy supports strict application of the claims presentation requirements].)

Plaintiff's FAC did not allege compliance with the claims presentation requirement or any facts excusing compliance.  Plaintiff's opening brief likewise does not argue that he complied with the Act by presenting a claim to the District.  Instead, plaintiff appears to argue that he complied (or substantially complied) with the Act's claims presentation requirements by filing his FEHA administrative complaint with the DFEH.  We are not persuaded.

Although there is dicta in *Snipes v. City of Bakersfield* (1983) 145 Cal.App.3d 861, 870 through 871, footnote 7, suggesting that a FEHA administrative complaint might satisfy the Act's claims presentation requirements under certain circumstances, no California case has held that compliance with the FEHA's administrative procedures entirely excuses compliance with the Act's claims presentation requirements.  We disagree with *Snipes* to the extent it suggests that substantial compliance with the FEHA's administrative claim procedures satisfies the Act's claims presentation

14

requirements. The policy underlying the claims presentation requirement is to provide prompt notice of the claims to the public entity so that it may investigate the strengths and weaknesses of the claim; settle claims, if appropriate; and make informed fiscal planning decisions. (*Renteria v. Juvenile Justice, Department of Corrections & Rehabilitation* (2006) 135 Cal.App.4th 903, 909; *California Restaurant Management Systems v. City of San Diego* (2011) 195 Cal.App.4th 1581, 1591; *Le Mere v. Los Angeles Unified School Dist., supra*, 35 Cal.App.5th at p. 246.) None of these purposes would be served here. Nothing in plaintiff's FEHA complaint, which is limited to conclusory claims of "retaliation" and "discrimination" under the FEHA, would put the District on notice of the need to investigate and potentially settle non-FEHA claims based on violations of the Education Code.

We conclude that notwithstanding his FEHA administrative complaint, plaintiff was required to comply with the Act's claims presentation requirements for his non-FEHA claims. Because plaintiff failed to do so, we affirm the trial court's ruling sustaining the demurrer to plaintiff's causes of action for retaliation in violation of the Education Code.

E. *The claims for intentional infliction of emotional distress and breach of the implied covenant of good faith and fair dealing*

Like the non-FEHA retaliation claims, the trial court sustained the demurrer to the causes of action for intentional infliction of emotional distress and for breach of the implied covenant of good faith and fair dealing on the ground plaintiff failed to timely present a claim under the Act. Plaintiff claims this was error. However, as explained above, we conclude plaintiff was required to comply with the Act's claims presentation requirements and, because he failed to do so, we uphold the trial court's ruling sustaining the demurrer to these causes of action.

15

F.  *Leave to amend*

Plaintiff offers no argument that the trial court abused its discretion by refusing to grant him additional leave to amend.  Thus, plaintiff has forfeited the right to contest his ability to cure the defects in his pleading.  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44; *Keyes v. Bowen, supra*, 189 Cal.App.4th at p. 656.)

## DISPOSITION

The appeal of the clerk's denial of the request for entry of default is dismissed. The judgment is otherwise affirmed.  The District is entitled to its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

       KRAUSE       , J.

We concur:

     HOCH      , Acting P. J.

     RENNER     , J.