Filed 7/20/21  P. v. Dirksen CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PETER JEREMY DIRKSEN,<br><br>    Defendant and Appellant. | 2d Crim. No. B308596<br>(Super. Ct. No. 2017031326)<br>(Ventura County) |

Peter Jeremy Dirksen appeals from the trial court's denial of his request to strike the five-year prior serious felony enhancement to his sentence (Pen. Code,[1] § 667, subd. (a)).  He contends the court erred because it did not comply with the terms of the remand order issued after his previous appeal.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In 2018, Dirksen pled guilty to second degree murder (§§ 187, subd. (a), 189, subd. (b)) and assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)), and admitted that

---

[1] Statutory references are to the Penal Code.

he inflicted great bodily injury during the assault (§ 12022.7, subd. (a)). (*People v. Dirksen* (Mar. 7, 2019, B292501) 2019 WL 1074535 at p. *1 (*Dirksen*) [nonpub. opn.].) He also admitted that he suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and prior serious felony conviction, and that he served a prior prison term (§ 667.5, subd. (b)). (*Dirksen*, at p *1.) The trial court sentenced him to 23 years to life in state prison: 15 years to life on the murder, three years on the assault, and five years on the prior serious felony. (*Ibid.*)

Three months later, the governor signed Senate Bill No. 1393 (2017-2018 Reg. Sess.), which gave trial courts the discretion to strike or impose prior serious felony enhancements. (Stats. 2018, ch. 1013, §§ 1 & 2; *People v. Garcia* (2018) 28 Cal.App.5th 961, 965.) After Dirksen's first appeal, we remanded the case with directions that the trial court hold a hearing to exercise that discretion. (*Dirksen, supra,* 2019 WL 1074535 at p. *2.)

Twelve days after we filed the opinion the trial court held a hearing in an attempt to comply with our directions on remand. At the hearing it stated:

> "It was not my intention—it was not an oversight when I imposed that (a) prior for Mr. Dirksen at the time of the plea—negotiated disposition with a plea to Penal Code 187, second, which added 15 to life, which I intended to impose. That, plus the additional specials for 23 years to life in prison, which included the imposition of the 667.5(a) [*sic*] prior. That was my intention. It was not an oversight. I was knowledgeable of what occurred, what could have occurred with the change of the law. *Even with the change to the law, it is not my intent today or back*

2

*then to make it other than 23 years to life imposed for Mr. Dirksen.*"  (Italics added.)

In August 2020, the trial court held a second hearing to make clear that it was aware of its discretion to strike the prior serious felony enhancement at Dirksen's original sentencing hearing in 2018.  The court said that it declined to do so then because it believed that a sentence of 23 years to life was appropriate.  And it had not changed its view over the succeeding two years:

> "This is a judgment that is final but for the resentencing issues in which the Court of Appeals [*sic*] is basically directing me to make sure that I was aware of my rights, if I wanted to, in 2018 in April to strike the (a) prior, which was an additional five-year enhancement.

> "Based on the facts and circumstances as I reviewed it, it was discussed with [counsel] at the time of the plea and well understood that if I wanted to do so, I could strike the (a) prior.  *I declined to do so at the sentencing there as I felt a 23-years-to-life sentence for the death of the individual whom you had a relationship with and for the charge you pled guilty to was appropriate.*  (Italics added.)

> "I said that then; I said that on March 19, 2019; and I'm saying that now.  And I understood the discretion that I had.  *I chose not to exercise the discretion as to the (a) prior and intended to impose that as part of that 23-to-life sentence.*"  (Italics added.)

3

DISCUSSION

Dirksen contends the case should be remanded once again for the trial court to comply with the terms of the remand order we issued after the prior appeal in this case. We disagree.

Though some of the comments made during the post-remand proceedings could reasonably be interpreted to suggest that the trial court was confused about when it gained the discretion to strike or impose a serious felony enhancement, any error was harmless. At both the 2019 hearing and the 2020 hearing, the court repeatedly stated that it would not have struck the five-year serious felony enhancement if it had the discretion to do so at Dirksen's original sentencing hearing because it thought a sentence of 23 years to life was "appropriate." Such a "clear indication that the . . . court would not have reduced [Dirksen's] sentence even if at the time of sentencing it had the discretion to do so" obviates the need for another remand. (*People v. Almanza* (2018) 24 Cal.App.5th 1104, 1110.)[2]

---

[2] Dirksen contends, and the Attorney General does not contest, that his notice of appeal was timely filed. Because the clerk of the superior court did not mark the notice as untimely, we presume that it was timely. (*People v. Jackson* (1996) 13 Cal.4th 1164, 1213 [court presumes that a clerk regularly performs official duties]; *People v. Funches* (1998) 67 Cal.App.4th 240, 244-245 [clerk has duty to either file notice of appeal or mark it as untimely].)

4

## DISPOSITION

The trial court's order denying Dirksen's motion to strike the prior serious felony enhancement to his sentence, entered August 24, 2020, is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

5

Bruce A. Young, Judge

Superior Court County of Ventura

_____

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.